Martin, J.
delivered the opinion of the court.
The plaintiff seeks damages from the corporation of New Orleans, on a contract for the construction of a railroad; and from J. Pilió, the other defendant, city surveyor, for his neglect and refusal to furnish him with the level and lines necessary to the construction of this road. Damages are claimed in solido. The defendants filed separate answers, and insisted on separate trials. This being objected to by the plaintiff, and the pretensions of the defendants being sustained by the court, the former took a nonsuit; but the parties have entered into an agreement of record as follows:
“ That whereas in this case a judgment of nonsuit has been submitted to by the plaintiff in order to enable the parties to try the question of the right of severance by the defendants in the supreme courtshould the decision on [421] that point he sustained, the plaintiff should have the right to reinstate his suit on the present pleadings; either party may amend.”
It appears to ns the parish court did not err. One of the defendants was sued on a contract, and the other on a tort. They pleaded sevez-ally, and had the right to do so. In the case of Sere v. Armitage, 9 Martin, 394, this court held that “if there be sevei’al defendants .in an action of trespass, and they plead separately, they may have the cause tried separately; but if they go to trialjointly, and suffer a verdict to he given against them, they cannot after-wards object to it as error.” There is an infinitely greater connection between trespassers who are sued for the same trespass than that between the pi'esent defendants, one of whom is sued on a contract, and the other on a tort.
It is therefore adjudged and decreed, that the judgment of the parish court he annulled, avoided and reversed; and that the cause be remanded for farther pi'oceedings, according to the agi-eement of the parties, the plaintiff and appellant paying the costs of this appeal.