LAND, J.
The following is a statement of facts which may be gathered from the allegations of plaintiff’s petition:
The telegraph company leased the premises No. 226 St. Charles street to A. Ansell for a term expiring on September 30, 1903. In September, 1902, plaintiff made a contract with Ansell by which, on certain terms and conditions, he was to have possession of the premises.
This contract for the assignment of the sublease was made with the knowledge and consent of the lessor company, and, was by it ratified and approved, with the understanding and agreement that the company would lease the said property to plaintiff for the term commencing October 1, 1903, and ending September 30, 1906.
The contract with Ansell was dependent and conditioned on plaintiff securing a lease from the company, as already stated, and was made for the purpose of securing possession of the premises prior to October 1, 1903, but the contract with the company was in no manner conditioned or dependent on the contract with Ansell.
In September, 1902, plaintiff leased the premises from the company for a term of three years, commencing October 1, 1903, at a rental of $130 per month for the first year, and $150 per month for the remainder of the term.
Plaintiff thereupon took steps to have certain changes and alterations, which had been agreed to, made in the buildings, so as to make the same suitable for a store in which to conduct, a first-class retail shoe business, and made all arrangements to commence such business on or before February 1, 1903.
It was understood and agreed that the representative of the company would meet plaintiff on October 11, 1902, to sign and execute a formal agreement of lease, as evidence of the contract which had been made and closed.
Plaintiff came to New Orleans on or before October 11, 1902, and on or about the 15th of same month received a letter from the company’s agent, dated at Atlanta, Ga., stating that he was unable to meet plaintiff, as his company had decided and consented to the transfer of the Ansell lease to John Porkorny.
The said company and the said Ansell, in bad faith and with malicious intent, refused to carry out and violated the agreement made with plaintiff as aforesaid.
John Porkorny was interested in two retail shoe stores on St. Charles street, adjoining or in the immediate vicinity of the Ansell store; and he and his codefendants knew that plaintiff intended to engage in the same kind of business, and would become a competitor of the said Porkorny, who knew that plaintiff had secured the sublease from Ansell and the lease from the company, as already stated.
Knowing all these facts, the company and Ansell colluded and combined with Porkorny to prevent plaintiff from obtaining the possession and use of the premises, and from conducting therein a business of the same kind and character in which the said Porkorny was engaged and interested, and colluded and combined to secure to said Porkorny an illegal and fraudulent lease of said premises for the balance of the period of the Ansell lease, and from October 1, 1903, to September 80, 1906, inclusive.
Plaintiff alleged that he was entitled to a *415 specific performance of said contracts, and to be put into possession of the premises for the unexpired term of the Ansell lease, and for the full term of three years, commencing October 1, 1903.
Plaintiff further alleged continuing damages, resulting from loss of profits, at the rate of $500 per month, and special and exemplary damages in the total sum of $2,650.
The prayer of the petition is as follows:
“That petitioner have and recover judgment against all said defendants in solido, recognizing and enforcing his lease contracts as recited in the foregoing petition; that he have and recover and be placed in possession of said leased premises, No. 226 St. Charles street, city of New Orleans, under his said contract of lease; that he be declared entitled to the possession and use of said premises from December 1, 1902, until and including September 30, 1906, on complying with his obligations under said lease contracts; that he have and recover damages against defendants, in solido, in the sum of twenty-six hundred and fifty dollars, as set out in this petition, and for five hundred dollars per month for each month he is wrongfully deprived of the possession and use of said premises, commencing with December 1, 1902, and ending September 30, 1906.
“He further prays for 5 per cent, per annum interest on all damages from judicial demand, and for costs and full and general relief.”
The petition was filed on December 5, 1902.
The Postal Telegraph Company excepted “that there is a misjoinder, of parties and causes of action in plaintiff’s petition, and particularly in this: that the relief sought by the plaintiff is not the same as to all and each of the defendants.”
The other defendants also filed exceptions of misjoinder.
These exceptions were sustained, and plaintiff ordered to elect as to which defendant he will proceed against, and on what cause of action; and, plaintiff declining to elect, his suit was dismissed.
The contention of the defendants is that the petition prays for relief in three different particulars:
“First. Damages against the defendants above named in solido.
“Second. For the specific performance by the defendant Abraham Ansell of a certain contract of lease.
“Third. For the specific performance by the defendant the Postal Telegraph Cable Company of another certain contract of lease.”
Defendant's counsel say in their brief:
“There can be no question as to plaintiff’s right to join the three defendants in an action for damages against them in solido, but as to the further relief prayed for, the Postal Telegraph Cable company has no interest in the specific performance of a contract against the defendant Ansell, and Ansell has no interest in the specific performance of a contract against the Postal Telegraph Cable Company.”
Defendants are all charged with conspiring to deprive plaintiff of the benefit of the two leases, and the alleged damages are the result of their joint unlawful acts.
According to the allegations of the petition, the two leases formed parts and portions of tlie same transaction, the one conditioned and dependent on the other. The sublease was valueless without a new lease extending the term for three years.
It is charged that the three defendants combined to violate said contracts of lease, and to prevent plaintiff from entering into possession of the leased premises. The object of the conspiracy was to secure to John Porkorny a lease until September 30, 1906, and this combination created a unity of interest, as well as a solidarity of obligation.
*417 The action is primarily for specific performance, and the claim for damages is incidental.
It is founded on contract of lease with the owner and tenant, and its object is to secure possession of the leased premises, which have been fraudulently leased to the third defendant.
Plaintiff claims possession against all three, and,surely they have a common interest in resisting plaintiff’s demands, which, if successful, will invalidate the contracts made between them, and oust Porkorny, the tenant of one defendant, and the subtenant or assignee of the other.
Defendants’ counsel, in the brief, say:
“As a matter of fact, the premises were leased to John Porkorny.”
If so, he is a necessary party to the suit for possession, and, as plaintiff claims under contracts made with the other two defendants, they are also necessary parties. Hence defendants have a common interest to defeat plaintiff’s claim for possession, and the origin of the cause or causes of action is similar.
If the defendants had no community of interest in the subject-matter of litigation, or if the causes of action were distinct, and arose from different and independent transactions, the authorities cited by defendants’ counsel would be applicable. Waldo v. Angomar, 12 La. Ann. 74; Cane v. Sewall, 34 La. Ann. 1096.
Actions on a contract and a tort arising out of the same transactions against several defendants have been maintained. Arrowsmith v. Mayor, 17 La. 419; Holzab v. R. R. Co., 38 La. Ann. 187, 58 Am. Rep. 177.
We see no legal objection to the joinder of the defendants, and, in our opinion, it was necessary in order to obtain complete relief.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed, and that this cause he remanded for further proceedings according to law; defendants and appellees to pay costs of appeal.