No. 4474.

(Court of Appeal, Parish of Orleans.)

ISAAC DELGADO VS. J. C. CRIMEN, JACOB EMMER AND I. C. R. R. CO.

Jurisprudence is to the effect that a creditor may sue all of his debtors in the same action, when there is either privity of contract or solidarity of obligation between them; but not otherwise.

Appeal from Civil District Court, Division A.

John Dymond, Jr., for Plaintiff and Appellant.

Chas. F. Claiborne, L. Charbonnet and Gustave Lemle, for Defendants and Appellees.

DUFOUR, J. The plaintiff sues in solido John C. Crimen, Jacob Emmer and the Illinois Central R. R. Co. for the value of a lot of sugar consigned by him for shipment, and which was destroyed ·by fire in one of the Railroad Company's freight depots in New Orleans. His complaint against the company is that it "owes him the amount of the loss because it had received the sugar for shipment to Chicago, and shiuld have forwarded it at once to Harahan, La., where it would not have been destroyed, and that the fire which caused the loss was due to the wanton neglect and carelessness of the company, and it, therefore, is responsible for the loss. The complaint against Crimen is as follows:

"That J. C. Crimen, another of the defendants, and the drayman of the sugar, owes him the amount in solido with the said Railroad Company, because shipping instructions had been given him to promptly deliver to the Railroad Company, which instructions he had carelessly neglected to deliver, and that, therefore, the sugar had remained at the railroad depot and was destroyed; that said Crimen did not notify plaintiff of his failure to deliver the shipping instructions, and plaintiff, considering that said sugar was in transit, did not insure the same, as he would have done had! he been advised by said Crimen of his neglect to deliver the shipping instructions, and that these acts were also a cause of the loss sustained by plaintiff, and that said

256

J. C. Crimen should be held liable in solido with said Railroad Company."

This appeal is taken from a judgment sustaining an exception of misjoinder of parties filed by the Illinois Central R. R. Co. Appellant urges that his cause of action was stated in that manner, because it was impossible for him to determine what was the proximate cause of the loss as between these two propositions:

First—If the fire had not occurred, the neglect of the drayman would not have caused injury.

Second—If the drayman had delivered his shipping instructions promptly, as ordered, the sugar would have been shipped before the fire, or if the drayman had notified plaintiff that the shipping instructions had not been given, the sugar would have been insured.

Appellee, on the other hand, urges that the alleged grounds for liability of the two defendants are distinct and separate, the one being based on the failure to insure, due to Crimen's negligence, and the other on the destruction by fire attributable to the Railroad Company's carelessness.

Jurisprudence is to the effect that a creditor may sue all of his debtors in the same action, when there is either privity of contract or solidarity of obligation between them; but not otherwise. 14 A. 177; 15 An. 502; 38 A. 185; 52 A. 1243; 111 La. 1092; 112 La. 412; Cross on Plead, pp. 13 *et seq.*

In the present case there is neither privity of contract nor solidarity of obligation, and the causes of action are different.

Judgment cannot be rendered against both; only one of the two co-defendants can be liable; the evidence in their respective cases must necessarily be different. The Railroad Company is liable only in case the fire was due to its negligence; the drayman is liable only for failure to carry out his instructions; proof of the one bears no relation to proof of the other.

In plaintiff's brief, it is said that, owing to his inability to determine which was the proximate cause of his loss, "the matter was put up to the Court for determination."

The Court must decline to select the proper defendant, and will leave the choice to the plaintiff; our full duty has been done when we hold that the defendants cannot be joined.

With the possible future legal relations between the defendants we have no concern. Judgment affirmed.