(96 South. 506)

No. 25648.

**BERNSTEIN v. COMMERCIAL NAT. BANK et al.**

(Feb. 26, 1923. Rehearing Denied April 30, 1923.)

*(Syllabus by Editorial Staff.)*

Action ☞52—No misjoinder in action for libel and to cancel guaranty extorted as result of the libel.

Where national bank's officers and directors, in its interest, wrote comptroller that plaintiff was responsible for losses, and thereby coerced plaintiff into executing guaranty, there was no misjoinder of causes or parties in action against them and the bank for damages in solido and cancellation of the guaranty.

O'Niell, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Action by E. R. Bernstein against the Commercial National Bank, and others. From a judgment for defendants, plaintiff appeals. Reversed, exceptions overruled, and case remanded.

Huey P. Long and Robert A. Hunter, both of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for all appellees.

Thigpen, Herold & Lee, of Shreveport, for appellees Sample, Meyer, and Peavy.

John B. Files, of Shreveport, for appellee Keith.

Barnette & Roberts, of Shreveport, for appellee Smith.

ST. PAUL, J. This is an appeal from a judgment maintaining an exception of misjoinder of parties defendant and of causes of action, and dismissing the suit.

The suit is brought against the Commercial National Bank, E. E. Smith, S. G. Sample, A. J. Peavy, A. J. Ingersol, P. P. Keith, and Abe Meyer.

Plaintiff alleges, in substance, that, whilst he was an officer and director, certain loans were made by the bank after being approved by the discount committee, of which he was a member; that said loans resulted in a loss, and that the loss was attempted to be saddled upon him; that the losses in question were investigated by the board of directors of said bank, and that said board, under date of September 15, 1920, exonerated him in a resolution that day passed to be forwarded to the Comptroller of the Currency at Washington; that thereafter the six remaining defendants, who were directors and officers of said bank, entered into a fraudulent conspiracy, and as a result of same prepared and sent a letter addressed to the Comptroller of the Currency, in which it was stated that the resolution was erroneous and that plaintiff was respon-

sible for the losses in question; that this letter was delivered to the Comptroller and exhibited to other parties without plaintiff's knowledge or consent; with a view of casting reproach upon the plaintiff and bringing the personal reputation of plaintiff into question; that as a result of said letter plaintiff was denied a hearing before the Comptroller of the Currency, and was informed by the said Comptroller that he was morally and legally bound for the losses incurred; that, yielding to the misrepresentations of the defendants, and under pressure brought to bear by the Comptroller, he executed an instrument of guaranty under date of February 23, 1921, in the sum of $70,000; that he is entitled to have said guaranty declared null and void as having been obtained by fraud and duress, and without consideration, and to have judgment against all the defendants in solido for $500,000 damages for slander and defamation as itemized in the petition; and he prays for judgment accordingly.

### I.

It will be seen that the gravamen of plaintiff's complaint is that six individual defendants, acting in the interest of the bank, fraudulently misrepresented plaintiff to the Comptroller of Currency and to others, whereby plaintiff was libeled, defamed, and humiliated, and whereby they succeeded in extorting from him the aforesaid guaranty.

Had plaintiff filed his petition against all the defendants with the same allegations, but prayed for no other relief than damages in solido against them all, it is clear that there would have been no misjoinder of parties or of causes of action, since he alleges that all these defendants conspired to misrepresent him, and did misrepresent and slander and defame him.

Again, had plaintiff filed his petition against the bank alone, with the same allegations, but prayed for no other relief than the cancellation of the guaranty, it is also clear

that there could have been no misjoinder of parties or causes of action, since he alleges that the guaranty was obtained through duress and fraud, and without consideration, by reason of the conspiracy formed and carried out by all these parties.

So that, in effect, he alleges that the formation and carrying out of the conspiracy aforesaid gives him a cause of action against all for the slander and defamation, and against the bank for the cancellation of the guaranty.

Had he filed these two suits separately, the evidence in the one would have been substantially the same as in the other; and the orderly administration of justice would have suggested that the two cases be consolidated and tried together, since both cases would have been disposed of by the evidence taken in either.

So that, in the last analysis, plaintiff has simply asked for the same relief against all these defendants, growing out of an alleged state of facts brought about by themselves, but has in addition thereto asked further relief against said bank as the necessary consequence of the same state of facts.

### II.

We are of opinion that there was no misjoinder either of parties or of causes of action. In Briel v. Postal Telegraph Co. et al., 112 La. 412, 413,[1] the defendants were all charged with conspiracy to deprive plaintiff of the benefit of two leases, and the court allowed plaintiff to join in one action a claim for specific performance against two of the defendants with an action for damages against all, because all the defendants had a common interest to defeat plaintiff's claim, and the origin of the cause of action was the same. In the case before us all defendants have a common interest in defeating plaintiff's claim for damages, and the cancellation of the guaranty is almost the necessary consequence of any failure to defeat it. In other

[1] 36 South. 477.

words, plaintiff is simply claiming additional relief against the bank, which additional relief would flow naturally from plaintiff's success on the main issue.

In Brown v. Guarantee Trust Co., 128 U. S. 403, 9 Sup. Ct. 127, 32 L. Ed. 468, it was held that—

"It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it will be sufficient if each party has an interest in some material matters in the suit, and they are connected with the others."

In the case before us there is but one main cause of action; the alleged conspiracy entered into by defendants, which it so happens may entitle plaintiff to some additional relief from one of the defendants. And we are of opinion that the suit may stand as filed.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that defendants' exception of misjoinder of parties and causes of action be overruled, and the case remanded for further proceedings according to law; costs of this appeal to be borne by appellees.

O'NIELL, C. J., dissents.