The trial judge found for the defendant, and we think his finding was correct.

The judgment appealed from is therefore affirmed.

■

**(122 So. 594)**

**No. 29768–29818.**

**MORGAN v. TOLLE et al.**

April 22, 1929. Rehearing Denied May 20, 1929.

Henry G. McMahon, of New Orleans, and Rownd & Warner, of Hammond, for appellee.

Ellis, Ellis & Ellis, of Amite, for appellee Klein.

ST. PAUL, J. The defendant Tolle went into bankruptcy, and plaintiff purchased at the bankrupt sale the movables of the bankrupt for $3,300 cash. These he resold to Tolle for $4,000 on terms. The taxes of the city of Hammond had not been paid. Tolle paid plaintiff some $600 on account and then ceased paying. The city of Hammond seized the movables and sold them to one Fritz Klein for its unpaid taxes. Klein restored said movables to Tolle, under an alleged agreement to hold them as his (Klein's) agent and dispose of them for Klein's account.

Plaintiff alleges the nullity of the tax sale, and that same was a mere subterfuge by which Tolle and Klein conspired to place the movables beyond the reach of plaintiff; that there was an agreement between Tolle and Klein by which Klein was to reassign the movables to Tolle as soon as Tolle had reimbursed Klein the taxes, penalties, and costs which Klein had paid, and that said amount had been duly reimbursed.

As the taxes were not discharged by the bankruptcy (U. S. Code, tit. 11, § 35 [11 USCA § 35]), it follows that the tax sale was *not* an absolute nullity, and as the tax sale was prima facie valid (Const. 1921, art. 10, § 11), it follows that plaintiff cannot complain of any irregularity or informality therein of which Tolle, the owner of the movables sold, did not himself complain. Hence the only ground on which plaintiff can complain of said sale is the alleged agreement between Tolle and Klein, whereby Klein bought for account of Tolle with intent to

A. Sidney Burns and Allen B. Pierson, both of Ponchatoula, for appellant.

cover up the property and defeat plaintiff's claims.

This, then, is an action brought against Tolle and Klein, to cancel said tax sale; to rescind the sale by plaintiff to Tolle for non-payment of the price; for judgment against Tolle for $700 profit on said sale and $1,500 depreciation on said movables whilst in his possession; for an accounting from said Tolle and Klein for the property sold by them or either of them; and for a sequestration of the property pending the suit.

### I.

 We think the sequestration issued properly and that the trial judge erred in dissolving it. The vendor of movables, who sues the vendee for the dissolution of the sale and swears that he fears that the defendant will part with or dispose of said movables during the pendency of the suit, is entitled to have the property sequestered. Daugherty v. Vance, 30 La. Ann. 1246.

### II.

We also think that the exception of misjoinder was not well founded and should not have been sustained by the trial judge. It is clear that Klein was not only a proper party, but a necessary party, to these proceedings, since he claims the ownership of the property sequestered, and therefore has an interest in defending his alleged title to the same, which is herein attacked. The fact that additional relief, beyond that sought against Klein, is asked for against Tolle, is no ground for claiming a misjoinder. Both parties have an interest in defeating plaintiff's main claim, which is for the ownership of the movables sequestered, and the additional demands are closely connected therewith. Bernstein v. Commercial National Bank, 153

La. 653, 96 So. 506, citing Briel v. Postal Tel. Co., 112 La. 412, 36 So. 477, and Brown v. Guarantee Trust Co., 128 U. S. 403, 9 S. Ct. 127, 32 L. Ed. 468.

The fact that city of Hammond, also made a party, to defend its tax sale, was an unnecessary party, does not alter the case. The city has not appeared as yet and asked to be discharged from the suit, and it is no concern whatever of the other two defendants if it should never do so, for they can suffer no injury thereby.

### Decree.

The judgment dissolving the sequestration herein issued is therefore reversed, and it is now ordered that the rule to dissolve said sequestration be dismissed, and that said sequestration be maintained pendente lite.

It is further ordered that the judgment maintaining the exception of misjoinder be also reversed, and it is now ordered that said exception of misjoinder be now overruled, and the case remanded to the lower court for further proceedings according to law.