### BURMESTER v. MOSELEY.

A verification that a "complaint is true of his [plaintiff's] own knowledge except as to those matters which are therein stated on his information or belief, and as to those matters he believes it to be true," is insufficient and should be disregarded where the complaint fails to designate what matters are stated on information and belief and what on personal knowledge.

Before KERSHAW, J., Charleston, June, 1889.

These were two actions against Julia A. Moseley, carrying on business as The Edisto Lumber Company, and A. Bequest, commenced in February, 1889, one by John W. Burmester and the

other by F. J. Lilienthal & Son. The complaint and verification in Burmester's case was as follows :

The plaintiff above named, complaining of the defendant, alleges : I. That heretofore the defendant, Julia A. Moseley, carrying on business as the Edisto Lumber Company, made her promissory note in writing, dated on the 6th day of April, 1888, at Charleston, S. C., and thereby promised to pay to the order of the firm of Wm. Burmester & Co. one hundred and five dollars, thirty days after said date. II. That at the time of making said note, the defendant, A. Bequest, joined in the making of said note by endorsing his name thereon as a maker for value before its delivery to the said firm of Wm. Burmester & Co. III. That at the time of the accrual of said cause of action, the plaintiff, John W. Burmester, together with H. C. Wohlers, were copartners together, comprising said firm of Wm. Burmester & Co. ; that thereafter and heretofore the said copartners dissolved their copartnership, and .H. C. Wohlers duly assigned, transferred, and set over to the plaintiff all his interest in and to the said note. IV. That no part thereof has been paid, and that the whole of said sum of one hundred and five dollars is still justly due and owing by said defendant to the plaintiff. Wherefore plaintiff prays judgment against the said defendant for the sum of one hundred and five dollars, together with interest from the 6th day of May, 1888, together with the cost of this action.

MITCHELL & SMITH,

Plaintiff's Attorneys.

STATE OF SOUTH CAROLINA, ╮
   County of Charleston. ╯

John W. Burmester, plaintiff in this action, being duly sworn, says that the foregoing complaint is true of his own knowledge, except as to those matters which are therein stated on his information or belief, and as to those matters he believes it to be true.

(Signed)        JOHN W. BURMESTER.

Sworn to before me this 11th day of February, 1889.

[L.S.]       J. H. THAYER,

Notary Public.

The complaint in the other case was in the same form, and the verification was the same.

A. Bequest made default. Julia A. Moseley served unverified answers, which were promptly returned to her because unverified, and the causes were docketed on calendar 3. The plaintiffs moved for judgment by default, which defendant Moseley resisted, and demanded a transfer of the causes to the jury calendar. The motions of plaintiffs were granted, and the defendant, Julia A. Moseley, appealed on the following grounds: I. That his honor erred in holding that the verification of the complaint was sufficient. II. That his honor erred in holding that the defendant's answer should be verified. III. That his honor erred in giving judgment by default against the said defendant, Julia A. Moseley.

*Messrs. Howell, Murphy & Farrow*, for appellant.

No counsel contra.

July 4, 1890. The opinion of the court was delivered by

MR. JUSTICE McIVER. These two cases presenting precisely the same legal question, growing out of the same state of facts substantially, were heard and will be considered together. That question is, whether the complaint was properly verified. All of the allegations in the complaint are made in such a form as necessarily to imply that they are made upon the knowledge of plaintiff, there being nothing whatever to indicate that any one of these allegations was made upon information and belief, and yet the affidavit appended for the purpose of verifying the complaint shows with equal plainness that some of the allegations were based on plaintiff's own knowledge and some upon information and belief; but, as we have said, there is nothing whatever to indicate which of the allegations are made on knowledge and which on information and belief. The affidavit is "that the foregoing complaint is true of his own knowledge, except as to those matters which are therein stated on his information and belief, and as to those matters he believes it to be true." This shows beyond all question that the affiant did not affirm, and did not intend to affirm, that all of the allegations were true of his own knowledge, but only that all were true except such as were stated

on information and belief; but what are so stated it is impossible to tell; and this the adverse party certainly had a right to know. While, therefore, it is perfectly manifest from reading the complaint and verification (copies of which should be incorporated in the report of this case), that some of the allegations are made upon knowledge, while others are made on information and belief, it is equally manifest that no one could possibly discover which were based upon knowledge and which upon information and belief.

Such a verification is clearly insufficient under the plain meaning of section 178 of the Code, prescribing the manner in which a pleading must be verified, and the same has been so expressly held in the recent case of *Hecht* v. *Friesleben* (28 S. C., 181), following the principles laid down in the earlier case of *Smalls* v. *Wilder*, 6 *Id.*, 402. It is true that in the case last cited the question was as to the sufficiency of a verification of an answer, while here the question is as to the sufficiency of the verification of a complaint; but it cannot be doubted that the same principle applies to both. The principle is there correctly stated as follows: "The great object enforced by the statute, in prescribing what is essential to verification, is to make it appear on the face of a pleading and its verification what matters therein contained are set forth according to the knowledge of the party making such pleading, and what matters are stated according to information and belief only. Any mode of verification that does not accomplish this end defeats the object of the statute, and accordingly must be held defective as to matters of substance." But the precise question here presented was expressly decided in *Hecht* v. *Friesleben*, *supra*, in favor of the view contended for by appellant, and is conclusive of the present inquiry. We refer to the reasoning of the court in that case. without quoting from it, as directly applicable to the case now under consideration. It seems to us clear, therefore, that the Circuit Judge erred in holding the verifications of the complaint in these cases to be sufficient.

The judgment of this court is, that the judgment of the Circuit Court in each of the above stated cases be reversed, and that said cases be remanded to that court for trial on the issues presented by the pleadings.