ROBINSON v. GREGG.

(Circuit Court, D. South Carolina. August 18, 1893.)

1. PLEADING—VERIFICATION.
    Under the South Carolina practice, requiring a pleading to show what facts are stated on personal knowledge, and what on information and belief, and also requiring the verification thereto to state that the facts set out in the pleading are true, except as to such facts as are stated on information and belief, and that as to these the party believes them to be true, the complaint and verification must be taken together; and if a complaint shows distinctly what allegations are on information and belief, and what from personal knowledge, a verification stating that the complaint is true, of plaintiff's own knowledge, except as to those matters stated on information and belief, and as to these he believes it to be true, is sufficient.

2. SAME.
    A certificate to the verification of a complaint, stating: "Sworn to and subscribed before me. * * * A. J. R., Clerk of the Circuit Court of the United States. * * * By W. H. S., Deputy Clerk,"—and having the seal of the court attached, is insufficient, in that it purports to be the act of the deputy clerk, rather than that of the clerk, irrespective of the question as to whether or not the clerk has power to administer an oath in a matter disconnected with the court, or the business thereof.

At Law. Action by W. S. O'B. Robinson against Walter Gregg. Plaintiff moves for judgment. Denied.

Johnsons & Hanckel, for the motion.
Abney & Thomas, opposed.

SIMONTON, District Judge. This case comes up upon a motion to take judgment by default for want of an answer. The summons and complaint were served upon the defendant 17th May, 1893. The time for answering expired on the rules day in July, (the 3d.) An answer was filed and served on the plaintiff's attorneys 29th June,

1893. The complaint contained several paragraphs. In one or two of these the facts were stated as on information and belief. In the other paragraphs the statement was made without qualification. The complaint had a verification, in the following words:

"W. S. O'B. Robinson, receiver and plaintiff, above named, being duly sworn, says that the foregoing complaint is true, of his own knowledge, except as to those matters stated on information and belief, and as to these he believes it to be true. Sworn to and subscribed before me this 16th March, A. D. 1893.                                        A. J. Reddick,
"Clerk of the Circuit Court of the United States for the Eastern District of North Carolina, in the Fourth Circuit.
                                "By Wm. H. Shaw, Deputy Clerk."

The seal of the court is attached. The answer is a general denial, and is not verified. Under the Code of Civil Procedure in South Carolina, (section 177,) when any pleading is verified, every subsequent pleading, except a demurrer, must be verified also. The plaintiff bases his motion on this section. The defendant insists that no verification to the answer can be required: (1) Because the verification to the complaint is not in the form required by the law and practice in South Carolina; (2) because the jurat is not properly attested; (3) because, if a verification was originally needed, it has been waived by the plaintiff.

1. According to the practice in the state courts of South Carolina, (which practice, in civil cases at law, this court must follow,) when the verification of a pleading states "that the facts set out in the pleading are true, except as to such facts as are stated on information and belief, and that as to these he believes them to be true," it must be made to appear what facts are stated as of personal knowledge, and what facts are stated on information and belief. Smalls v. Wilder, 6 S. C. 402; Hecht v. Friesleben, 28 S. C. 181, 5 S. E. Rep. 475; Burmester v. Moseley, 33 S. C. 254, 11 S. E. Rep. 786. But this need not be shown in the verification. The whole complaint and the verification must be taken together, and when the body of the complaint shows distinctly what allegations are on information and belief, and what from personal knowledge, the requirements of the law are satisfied. The paragraphs of this complaint made this distinction. The objection to the form of verification is overruled.

2. The next objection is as to the certificate to the verification. It purports to be taken before the clerk of the United States circuit court of the eastern district of North Carolina, and is signed in the name of the clerk, by his deputy. Grave doubts are entertained as to the power of the clerks of the circuit courts of the United States to administer oaths generally; that is to say, in matters totally disconnected with their courts, and the business thereof. No express authority can be found for it. Be this as it may,—and the point is not passed upon,—there is an objection to this certificate which seems insuperable. When an officer is authorized to administer an oath to be used elsewhere, it must appear that the affiant came in person before the officer. This is for identification, that he is the person who really takes the oath. It must also appear that he

was duly sworn; and when the affiant subscribes, or should subscribe, the oath, it must appear that he did subscribe it. The evidence of these three essentials is the language of the officer, and its credibility and authority depend wholly upon his official position and character, and the responsibility thereto belonging. In the present instance we have nothing of the kind. Some one else than the clerk states that the affiant came before the clerk, and was sworn, presumably by·him, and subscribed the oath. This statement cannot bind the clerk, and is but secondary evidence of the facts stated. In fact, the most probable conclusions are that the affiant did not come before the clerk, was not sworn by the clerk, and that the affiant did not subscribe the oath before the clerk; that all these were done before the deputy. But the certificate does not say so. We are left to conjecture, and this is not sufficient.

This conclusion renders unnecessary the discussion of the last ground. The motion is refused.