8079

### LOCKWOOD v. MacLEAN.

1. VERIFICATION OF ANSWER.—Under sec. 178 of Code of Procedure, a defendant is relieved of verifying an answer where an admission of the truth of the allegation of the complaint might subject him to prosecution for felony, or where he would be privileged from testifying as to any matter denied in the pleading.

   It is the better practice to state in the answer the reason for not verifying, but the answer should not be held invalid and defendant declared in default where his attorney on the day after service of answer states under oath the reason for not verifying.

2. PLEADINGS—ANSWER—DEFAULT.—It is held that defendant's attorney made proper and timely efforts to serve such answer as required by plaintiff, and that he should not have been adjudged in default.

Before GARY, J., Charleston, April, 1911. Reversed.

Action by Joshua Lockwood against A. H. MacLean. Defendant appeals.

*Messrs. Geo. F. von Kolnitz* and *Wm. Henry Parker,* for appellant, cite: *No verification is required of this answer:* Code of Proc. 178, 154.

*Mr. Nathaniel B. Barnwell,* contra, cites: *Answer should have been verified:* Code of Proc. 177. *Right not to verify should be claimed in answer:* 3 Sandf. 716; 7 How. Pr. 57.

January 8, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. On September 13, 1910, plaintiff commenced this action against defendant on a verified complaint, alleging two causes of action: first, that on June 21, 1910, plaintiff being the owner of fifteen shares of the stock of the United Wireless Telegraph Company, entrusted and delivered the same to the defendant as broker for sale at a price to net plaintiff $37.50 per share, and that

defendant sold and disposed of said stock and fraudulently misapplied and appropriated to his own use the proceeds of sale amounting to $562.50 and refuses on demand to account for and pay over said proceeds; the second cause of action alleges that plaintiff deposited said stock with defendant under an agreement that plaintiff as broker would either sell said stock at a price to net plaintiff $37.50 per share and immediately pay over the proceeds or would return the stock on demand, that defendant failed to sell and account for the stock and although admitting that the stock was under his control failed to return the same on demand and wrongfully detains and has converted the same to his own use to plaintiff's damage $562.50. At the time of the service of the summons and complaint, bail and arrest proceedings were instituted and thereunder defendant was arrested and released on bail bond in the sum of $650.00 with Thos. L. Molly, James G. Guardineer and Wm. Minnie as sureties.

On October 3, 1910, the last day for answering defendant's attorney, Wm. Henry Parker, Esq., delivered to plaintiff's attorney, N. B. Barnwell, Esq., an answer which was immediately returned because the same was not verified. There was no statement in or accompanying this answer explaining the absence of verification. On same day on the application of the sureties on the bail bond Judge Watts issued a rule to show cause why the time for answering should not be extended. In the affidavit of Wm. Henry Parker, Esq., dated October 4, 1910, used on the hearing of return to the rule, he stated that the verification to the answer delivered to plaintiff's attorney was omitted because an admission of the truth of the allegations embraced in the complaint would subject defendant to a prosecution for felony, and for the further reason that the absence of the defendant made it impossible to secure his verification and that defendant would be privileged from testifying as to the truth of certain matters embraced in the complaint. Mr. Parker in his affidavit claimed the right to await the action

of the Court on the application for extension of time to answer before electing to stand on the answer served on October 3d, or to treat such answer as a nullity, and therefore he did not join formally in the request for extension, but he joined in the statement of petitioners that the cause of justice would be subserved by granting the extension. Judge Watts, by order dated October 5, 1910, granted defendant an extension of twenty-five days from the date of the order "within which to answer, demur, or take such action as he may be advised is proper in reference to the summons and complaint filed, or could have been taken previous to the granting of this order."

On October 29th, before the expiration of the extended time, defendant's attorney served on plaintiff's attorney an answer in terms precisely like the answer of October 3d, except that in the answer of October 3d, the allegation of paragraph 1 of the complaint as to each cause of action was admitted "on information and belief," whereas in the answer of October 29, this allegation was admitted without qualification.

The effect of both answers was to deny the allegations charging fraudulent misapplication and appropriation of the proceeds of the stock or wrongful detention and conversion of same, with a further defense that defendant has tendered to the plaintiff and transferred in his name fifteen shares of the stock of the United Wireless Co. "made in accordance with the agreement between plaintiff and defendant," which tender defendant is now ready to renew and perform.

This answer contained a verification by plaintiff, omitting formal parts, in these words: "that the foregoing answer is true of his own knowledge except as to those things therein stated to be on information and belief and as to those that he believes them to be true." There was nothing in the answer stated to be on information and belief.

Plaintiff's attorney returned this answer on the ground that it was not properly verified, and it appears that defendant's attorney also regarded the verification defective as he obtained from Judge Watts an order dated October 31, 1910, reciting that the verification was defective through clerical error or omission, and that application was made for an extension of ten days for procuring the verification in a different form, and providing "that time for answering be further extended ten days from date."

Then on November 10, 1910, within the time as last extended, defendant's attorney served an answer in the precise terms of the answer of October 29th without any verification by defendant, but containing the affidavit of Wm. Henry Parker as attorney for defendant stating that the verification was omitted under section 178 of the Code because an admission of the allegations of the complaint might subject defendant to prosecution for felony and because defendant would be privileged from testifying as a witness to the truth of the matter denied in the answer.

This was done after an effort to secure a verification by the defendant, who was out of the State and could not be reached in time.

Plaintiff's attorney immediately returned this answer as not served within time, as not in compliance with the order of October 31st and as not being verified as required.

Thereafter plaintiff's attorney made a motion to strike out the paper served as an answer on November 10, 1910, and to declare defendant in default. Judge Watts, by his order of November 17, 1910, struck out the answer and held defendant in default, in so far as time was extended under the order of October 31st, but after referring to the answer served on October 3d and returned to defendant's attorney as unverified, Judge Watts' last named order provided as follows: "This order is made without prejudice to any right that the defendant may now have to rely on this paper as a sufficient answer under section 178 of the Code

of Civil Procedure." Thereafter defendant's attorney moved before Judge Ernest Gary, presiding, to permit the answer of October 3d to be considered as a valid answer. Judge Gary, by his order of April 25, 1911, held as follows: "The defendant had an opportunity to hold to the position that an unverified answer was legal in this case, but instead of so doing, his counsel accepted the benefit of Judge Watts' order extending time for answering and attempted to serve a verified answer. Moreover, opportunity was again offered defendant to test the legality of his position when Judge Watts held him in default as to the answer served on November 10, 1910. He might have appealed from this decision. No attempt, however, has been made to stand on this position until now. It seems to me that the position of the defendant is simply this: By attempting to serve subsequent answers under the orders of Judge Watts, he abandoned his original answer. The subsequent answers have been held to be irregular, so the defendant is now in default. And it is so ordered."

After this judgment by default was rendered and entered against defendant for the sum claimed and defendant has appealed from the judgment and from the said order of Judge Gary.

Upon the foregoing facts and the exceptions of appellant, we think it was error to hold the defendant in default. Section 178 of the Code, in reference to the verification of pleadings, provides: * * * "The verification may be omitted when an admission of the truth of the allegation might subject the party to prosecution for felony. * * * that the verification of any pleading in any court of record in this State may be omitted in all cases where a party called upon to verify would be privileged from testifying as a witness to the truth of any matter denied by such pleading."

Under this section defendant had the right to omit verification of his answer, hence the answer served on October

3d was in time, and the absence of verification was accounted for by the affidavit of his attorney. While the Code does not specifically require that the paper containing the answer should state why it was not verified it is doubtless good practice so to do, but the failure to make such explanation at the time of the service of the answer ought not to annul the answer especially if such explanation is made the next day as in this case. Defendant should not be held to have waived his right to stand upon his answer of October 3d because the order of Judge Watts on November 17 was without prejudice to any right of defendant to rely on that answer. Viewing the matter broadly, the defendant's counsel has not by his conduct manifested the slightest intention not to serve a proper answer in time, but on the contrary, answers have been served three times within the time allowed by law or the orders of the Court, and each answer was either properly verified or the absence of verification promptly explained. The verification of the answer of October 29th was not defective as all the parties seemed to think. In the cases *Hecht and Co.* v. *Friesleben,* 28 S. C. 181, 5 S. E. 475; *Burmester* v. *Mosley,* 33 S. C. 254, 11 S. E. 786, and *Addison* v. *Sujette,* 50 S. C. 200, 28 S. E. 948, the principle enforced was that it must appear with certainty from the pleading and verification which allegations are upon information and belief and which upon knowledge. Such certainly appears in the answer and verification of October 29th, for nothing in the answer was stated to be on information and belief and the verification was upon the affiant's own knowledge, except as to matters stated to be on information and belief, of which there were none in the answer. We, however, do not rely on the fact that a properly verified answer was duly served in this case, as the appeal does not strictly bring that point in review. The circumstances nevertheless show how hard defendant's attorney has striven to serve an answer in time and to conform to the view of the plaintiff's

attorney as to the law concerning verification of pleadings. Substantial justice requires that defendant should be allowed his day in Court with opportunity to make defense.

Whether the defenses sought to be interposed are meritorious is not now involved and need not be considered.

The judgment of the Circuit Court is reversed.