BREAUX, C. J.
The plaintiff sued the defendant for damages. Her petition was sworn to, as required by Act No. 157 of the year 1912. She alleged the facts upon which she relied for the recovery of the amount she claims. Specific facts were averred as required. Her complaint is that there was no verification on the part of the defendant of its answer. It was filed on the 20th of October, 1913. Again, there was another filing at another time.
It seems that, although twice filed, there was no verification of the answer.
On the 28th day of October, 1913, the attorney for defendant swore to the answer in verification.
As there was a general election held on that day, the verification is attacked on the ground that it was a dies non.
The day prior to this attempted verification of the answer by the defendant, plaintiff *441 had filed a rule for judgment citing that part of the statute containing the provision that, in case of failure to comply with it, the right to a judgment arises.
The district judge did not sustain relator’s rule but rendered a judgment of dismissal of plaintiff’s rule.
The pleading and practice act is cited by plaintiff in support of her contention that the judgment on her rule was erroneously one of dismissal.
The requirements of the section of the statute are that, if within ten days after the petition is filed the answer is not verified, plaintiff may move for judgment upon petition and answer. The allegations of fact shall be taken as true.
Petitioner complained of the judgment refusing the remedy asked, and represents that she is entitled to a mandate in this court reversing the action of the district judge and directing that a judgment be rendered in her favor.
The respondent judge states in his answer to her rule nisi in this court that defendant’s counsel appeared before him in open court to verify the answer, which permission he granted on the face of the pleadings and on the statement of the clerk of court that counsel for defendant had signed the verification- and sworn to it on the date of the jurat, but that the clerk had not applied his official signature to the jurat. That all the facts having transpired in his presence in the district court except the signing of the verification, which was signed outside, according to the clerk, he heard plaintiff’s counsel at the time that he presented his client’s application for a judgment, dismissed the rule of plaintiff, and ordered that the defendant be permitted to verify the answer.
The learned judge added that he acted under that part of the statute (No. 157 of 1912) which authorizes the court in its discretion to allow the verification to be supplied or amended upon such terms as to payment of costs as the court may deem proper.
The judge further returns that, the act being new, he deemed it proper to exercise his discretion in the premises, otherwise the act might work an injustice.
We infer that the attorney for defendant believed that he had verified the answer until he was informed of the absence of the clerk’s signature. That is one of the statements that we found somewhere in the record.
We recall that on Tuesday, October 28, 1913, a general election was held in this state to elect delegates to the constitutional convention and the Railroad Commission in the district.
On the day of a general election, judicial and other proceedings are suspended under provisions of the statutes.
No question but that one taking an oath to a judicial document under the cited section of the act should see that it is complete and not take the chances of a clerk failing to affix his signature to the jurat.
No great importance is attached to the fact that the jurat was signed on the day that the election was held. That would not be sufficient to render a proceeding entirely null as it was not on a Sunday but on a day when a judicial oath may be taken in case of necessity.
The district judge, we have seen, authorized the oversight to be cured by giving permission to that effect. We do not think we should recall the exercise of his discretion. None the less, we will mention that the statute will have to be enforced as written to accomplish the purpose intended. We will not set aside the action of the district judge who acted within his discretion, giving reasons therefor. While it is true that the discretion does not invest the court with full and unlimited power, nevertheless, whenever it appears that the court has acted in good faith and has been prompted by a desire *443 to administer justice, we scarcely think that his ruling, permitting the oversight to be rectified, should be set aside. The court was not arbitrary; he says that the cause of justice demanded the allowance of the application. We will not interfere with his exercise of that discretion on this application for a certiorari.
For reasons stated, it is ordered, adjudged, and decreed that the rule nisi be recalled and discharged, plaintiff’s demand refused, and her petition dismissed.
PROVOSTY, J., takes no part; absent on account of sickness.