No. 2604

Second Circuit

---

## DUBACH LUMBER CO. v. CARROLL LUMBER CO.

---

(May 7, 1926, Opinion and Decree.)

(June 2, 1926, Rehearing Refused)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 614.**

Under Act 228 of 1924 the district judge has the discretion of accepting the verification to the petition as proper, and if he does so, the appellate court will not interfere with his ruling.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln, Hon. S. D. Pearce, Judge.

Action by Dubach Mill Company Inc., against M. M. Carroll Lumber Company. There was default taken against defendant. Defendant appealed.

Judgment affirmed.

Dhu Thompson, of Ruston, attorney for plaintiff, appellee.

Crow and Coleman, of Shreveport, attorneys for defendant, appellant.

———, J. The original verification of the petition in this case was made by plaintiff's attorney without specifying that the officers of the plaintiff corporation were absent from the parish. He did specifically aver in his affidavit that they were absent and that it was not practicable for them to make the affidavit.

On September 15, 1925, defendants excepted to the petition on the alleged ground that it set out no cause or right of action and that it was improperly verified.

These exceptions, it seems, were filed at chambers and were not brought to the attention of counsel for plaintiff, and default was entered on September 28th.

Counsel having had his attention called to the exceptions, caused them to be set for trial.

In the meantime, on October 1st, the petition was verified by J. P. Voss, vice-president and general manager of plaintiff company.

The exceptions were taken up and tried on October 6th, counsel for defendant being

present in open court, and the following ruling made, according to the minutes of the court entered on that date:

"Exception of no right or cause of action and of want of proper verification is taken up and tried, and said exception is overruled as to its allegation of no right or cause of action; and, it appearing to the court that the petition has been verified by the affidavit of J. P. Voss, vice-president and general manager of plaintiff corporation, which is considered a compliance with the requirements of law, the exception as to want of proper verification is likewise overruled."

It does not appear that the court ever entered an order permitting Voss, the vice-president of the company, to verify the petition, but it seems that he went to the clerk's office, took the petition from the files and subscribed to the affidavit which counsel wrote thereon.

On the trial of these exceptions on October 6th the above order was entered by the court. On the following day counsel for plaintiff had the default entered on September 28th set aside and another default entered. The case was again defaulted on November 3rd and confirmed on November 6th.

A motion for a new trial was filed and on November 30th was overruled.

On appeal, the judgment of the lower court was affirmed.

On application for rehearing in this court, counsel for defendants assign as error the finding of the court that the exception of no cause or right of action and want of proper verification was filed by defendants on October 1st, whereas it was filed on September 14th.

Our finding on that point was error. But whether the exception was filed on September 14th or October 1st was immaterial.

The exceptions were tried and overruled on October 6th when counsel for exceptors were present, as we understand, in open court. No answer was filed and the case was defaulted on the following day and again on November 3rd, the default being finally confirmed on November 6th, one month after the exception was overruled.

The point which counsel stress mainly and which they ask that we definitely and specifically pass upon, is whether the verification of the petition by Voss, the vice-president of plaintiff company, was permissible without an order of court.

We find nothing in the statute, Act 228 of 1924, forbidding it and we know of no reason why a plaintiff cannot reverify his petition or amend the verification previously made as soon as objection is made to the verification, even without an order of court.

The statute provides that when there is an exception of want of verification filed, in limine, as in this case, the court may in its discretion allow the verification supplied or amended. If the plaintiff, in anticipation of the court's order, supplies or amends the verification, the same results are attained as if the court had ordered it done.

In this case, plaintiff did, in anticipation what the court no doubt would have ordered done. When the exception of want of proper verification came up for trial the court found that the petition had already been properly verified and it accepted the verification.

In its discretion, the court had the right under the act to do that. If the court had found upon trial of the exception that the petition was not properly verified it could have then and there ordered a proper verification without any delay in the proceedings or within its discretion. It makes

no difference whether the verification is made or amended in open court when ordered or whether it is made prior to the date on which the exception is tried. In either event, the defendant gets what he asks and what he is entitled to, that is, proper verification.

Counsel say that the taking of the petition out of the files and the writing of the verification thereon by Voss amounted to a mutilation of the record and a change of the issues.

The district judge did not think so and he, in his discretion, accepted the verification as proper. The verification is no part of the petition or the demand. The verification of a petition is merely an affirmation under oath by the party making the pleading that he is prepared to prove the allegations that he has made. The issues are not changed by the addition of the affidavit.

The lower court in its discretion accepted the verification made by Voss and we shall not interfere with its ruling.

See Clark vs. Illinois Central R. R. Co., 134 La. 440, 64 South. 281.

Rehearing refused.