HOFFPAUIR, Judge ad hoc.
Plaintiff, Rockholt Lumber Co., Inc., obtained in the lower court a monied judgment in the amount of One hundred seventy-nine and 46/100 ($179.46) Dollars against defendant, Mississippi Valley Construction Co., Inc. Subsequently, under the provisions of LSA-R.S. 13:4311 to 13:4315 plaintiff presented a petition to this court to examine the defendant as a judgment debtor. In addition, plaintiff requested that defendant be compelled to produce its books, papers, documents, and financial records so that they could be , reviewed in connection with the examination. The plaintiff is a corporation domiciled in the Parish of East Baton Rouge. Its petition was verified by its attorney and the defendant filed a motion to dismiss the petition for defective verification in that it was not verified by an officer of the corporation.
The trial judge was of the opinion that the verification could not be made by the attorney under the statute here invoked and maintained this motion and dismissed plaintiff’s suit.
A devolutive appeal was taken to this court.
We have been presented with no cases in point and have been unable to find any, and we believe the question is res nova. Plaintiff is proceeding under LSA-R.S. 13:4312 which reads in part as follows:
“To invoke the right granted in R.S. 13:4311 hereof, the judgment creditor shall proceed as follows: (1) He shall present to the judge of the court where the judgment was rendered a petition setting forth the fact that he is a judgment creditor and praying that he have the privilege of examining the judgment debtor at a time and place to be fixed by the judge, which time shall be not less than five days from date of service. Should he also desire a decree that the judgment debtor produce into court the books, papers and other documents which are in his possession, and which are material in the cause, at his request the court may command the judgment debtor to produce into court said books, papers and other documents, at a time and place to be fixed by the judge, which time shall be not less than five days from date of service, if the party requesting their production declares, in writing and under oath, the facts that he intends to establish by such books, papers or other documents.”
Another statute which deals with verification of pleadings is LSA-R.S. 13:3601 which reads in part as follows:
“In the conduct of civil causes in the district courts, other than appeal from justice of the peace courts, the following rules of practice shall be observed and enforced:
* H= * * * ' *
“(b) The petition or answer may be verified by the attorney of the party or parties in all cases.”
Articles 215, 216 and 217 of the Code of Practice also provide for verification of pleadings and read as follows:
“215. The oath prescribed in the preceding article may be taken either by the creditor himself, or in his absence, by his attorney in fact, or his agent.”
*361 “216. The oath which the creditor is required to take, of the existence and nature of the debt, of which he claims payment, in the cases provided in the two preceding articles, may be taken before any judge or justice of the peace, or clerk of the court before which he sues, or before the judge of any other place, provided the signature of such judge be proved or duly authenticated. And in all cases when, by any provision of this Code, an oath of a party is required, it may (in case of the absence of said party) be made by his agent or attorney; and in such case it shall be sufficient for the agent or attorney to swear to the best of his knowledge and belief.”
“217. The above rule governs in all cases where the oath is taken by the agent or attorney of the creditor to obtain the attachment in the hands of third persons, the provisional seizure, or the sequestration of the debtor’s property, or in order that he be enjoined not to dispose of the same while the action is pending.”
Plaintiff has strenuously urged in brief that LSA-R.S. 13:4311 is almost verbatim with the provisions of Code of Practice Article 140, providing for the application, of a subpoena duces tecum and has cited the cases of Gottlieb-Knox-Amis Insurance Agency v. Henry Cohn, Jr. Co., 128 La. 697, 55 So. 21, and Keiffe v. LaSalle Realty Co., 163 La. 824, 112 So. 799, 53 A.L.R. 82, calling the court’s attention to the fact that in those cases the verification was made by the attorney and not the petitioner, ■ a fact ignored by the court. We do not believe that these cases are authority in the instant suit, rather, this suit seems unique to our court and a decision must be reached upon the interpretation of the applicable statute.
It seems clear to us that the provision of LSA-R.S. 13:4312 distinguishes between the petition asking for the privilege of examining the judgment debtor, and a petition requesting the production of books, papers or other documents. In the latter case there is no doubt but that the. judgment creditor must state under oath the •facts he intends to establish by the production of the books, etc. Wé think this is an exception to. the general rule of verification’, of pleadings provided by LSA-R.S. 13 :~ 3601, permitting the attorney to verify the: pleadings “in 'all cases".
The Articles of the Code of Practice cited above require the oath by the petitioner in connection with the writs of arrest, attachment in the hands of third persons, provisional seizure, sequestration of a debt- or’s property, or injunction against disposing of the same while an action is pending. Yet even here, the attorney may verify the pleadings in the case of the absence of the proper party.
The trial judge reasoned that it was fatal for the attorney to verify the petition in the instant case since a request had been made for the production of books, documents, etc., and since the statute did not make an exception to allow the attorney to verify the petition.
We are not in accord with this conclusion. Rather, we think it was proper for the attorney to verify the pleadings in the petition, requesting the. examination of the judgment debtor because the statute did not specifically require that the party requesting the examination should support the request by his oath. The provisions of LSA-R.S. 13 :3601, which we think apply, permits the attorney to verify the pleadings in “the conduct of civil causes in the district courts”.
Failing to verify the petition with the oath of the member of the plaintiff corporation was defective in view of the strict provisions of LSA-R.S. ,13:4311. However, we believe the District Judge erred in not allowing the petitioner to correct the verification of his1 pleadings in the request for the examination of the debtor’s books, etc. In this connection, we cite the pertinent part of 13:3601 in connection with defective verification which reads as follows :
“Want of verification or defective verification must be- taken advantage of, if at all, in the case of a petition, by exception filed in limine litis, and in all such cases the court may in its discretion, allow the verification to be supplied or amended upon terms as to *362 the payment of costs, or otherwise, as it may deem proper.”
Recently the Supreme Court, in the case of McClatchey v. Guaranty Bank & Trust Co., Inc., 222 La. 735, 63 So.2d 738, reviewed the decision of a District Court wherein an Exception of Want of Proper Verification was sustained and allowed counsel time to amend the verification, which ruling was found to be correct.
Plaintiff should have been given a reasonable delay to correct the verification in his request for the production of books, etc., and in the event he did not or could not make the correction then he nonetheless should have been permitted the privilege of examining the judgment debtor. Therefore, the judgment of the lower court ordering the dismissal of the plaintiff’s suit is reversed and this suit is hereby remanded with instructions to permit plaintiff a reasonable time to correct the verification for the purpose of having defendant produce books, records, etc. In the event the correction is not made, nevertheless the plaintiff should'be allowed to examine the judgment debtor under the request and verification originally made.
Judgment reversed at cost of appellee.