GLADNEY, Judge.
White System of Alexandria, Inc., appeals from a judgment dissolving a writ of sequestration and ordering the payment of attorney’s fees. Plaintiff instituted suit upon chattel mortgage indebtedness alleging defendants were about to move the mortgaged property out of the state before it could have the benefit of its security, and caused to issue a writ of sequestration.
The defendants, David and Nannie Orange, first appeared by motion to dissolve the writ of sequestration, asserting payment of the indebtedness alleged upon. The minutes of the court of April 28, 1953, show this motion was argued and submitted for decision without the offer of evidence. The submitted motion was still being held under advisement by the court on September 1, 1953, when defendants, with leave of the court, filed a pleading termed a supplemental motion to dissolve the writ of sequestration. Therein attorney’s fees were claimed as damages for illegal issuance of the writ and the following additional grounds enumerated for dissolution of the writ of sequestration:
“(a) No valid chattel mortgage covering the property described in Article 5 of the petition was ever executed by defendants in favor of petitioner; such, affirmatively appears from an examination of the notes issued upon and the ‘alleged mortgage’ instrument referred to in Articles 3 and 5 of the petition; alternatively, the purported chattel mortgage could not, by its terms, support a writ of sequestration.
“(b) The oath and affidavit executed by Kathleen Barnes annexed to the petition was illegal and insufficient under the law to support the issuance of a writ of sequestration.
“(c) No debt or obligation was due petitioner by defendants at the time suit was instituted as alleged in Article 4 of the petition.
“(d) Petitioner did not pray for the issuance of a writ of sequestration; its claim for any judgment and especially a money judgment was premature ’ and unwarranted; its claim for a writ of sequestration was also premature and unwarranted.
“(e) The petition clearly discloses no cause of action and no right of action as against defendants for any moneys, including costs and attorney’s fees as demanded by plaintiff.”
Counsel for plaintiff promptly filed two motions seeking dismissal of the supplementary pleading on the ground that said motion was filed too late. Plaintiff’s motions to dismiss were denied and on October 20, 1953, without assigned written reasons therefor, judgment was rendered recalling and vacating the writ of sequestration and awarding attorney’s fees in the sum of $100 to each of said defendants.
The accumulative defenses thus show that defendant sought dissolution of the writ with damages by averring, first, the debt had been paid; second, there was no valid obligation sued upon; third, the jurat to the petition was defective; fourth, the debt was premáture; fifth, the prayer for the petition did not expressly ask for the issuance of the writ; and sixth, the petition of plaintiff set forth no cause or right of action. Without pausing’ to discuss the inconsistency of these pleadings, none of which were plead in the alternative, we shall examine the merit in the pleas.
The first motion filed, the plea of payment, should have been promptly denied by the court. ' The essential facts to show that payment was made were absent since no evidence .was offered in support of the motion.
*18 The second objection for the issuance of the writ was in the nature of an exception of no cause of action in that it averred there was no valid indebtedness. Amplifying this defense it was pointed out that the promissory note sued upon was dated September 26, 1951, whereas the act of chattel mortgage was dated September 27, 1951. Plaintiff in suing upon its mortgage indebtedness has proceeded by ordinary process. A comparison of the note with the act of chattel mortgage, in our opinion, adequately identifies the two documents as having been executed in one transaction. Both defendants signed the note and the act of chattel mortgage giving the same address as 140 Andrews Street, Pineville, Louisiana. The note and chattel mortgage correspond as to the total consideration and the amount and number of monthly installments to be paid. It would appear, therefore, that either the date on the note or the date on the act of chattel mortgage was inaccurate due to a typo-grapical error and is of no consequence. Plaintiff, if required, should certainly be permitted to correct this variance upon the trial on the merits. It is our opinion, therefore, that this defense should have been rejected.
The third point urged in support of the motion to dissolve the writ of sequestration is that the jurat attached to plaintiff’s petition was defective in that it did not state the title of the officer of plaintiff corporation, that affiant signed the affidavit as petitioner, and lastly, that it was made on information and belief. Cited in support of counsel’s position is McClatchey v. Guaranty Bank & Trust Co., Inc., 1953, 222 La. 735, 63 So.2d 738. The objection is of a dilatory nature and one which likely could have been quickly corrected. The jurat does not strictly comply with the requirements of the pleading and practice act. LSA-R.S. 13:3601(5). Though this be so, we are of the opinion that the objection should not be recognized, first, because it was not raised in limine litis and secondly, because these provisions in the pleading and practice act should be so construed as to afford every opportunity to correct a purely technical discrepancy in pleadings without prejudice to the party litigant. Almost four months before presenting the supplemental motion defendants filed and submitted for decision a plea of payment, a peremptory exception which if sustained would extinguish the obligation. The plea necessarily raised questions of fact that caused issue to be joined. Article 357 of the Code of Practice provides: “The cause is at issue when the defendant has answered, either by confessing or denying the facts set forth in the petition, or by pleading such dilatory or peremptory exceptions as he is bound to plead in limine litis.” It was incumbent upon defendants to file this dilatory exception at the commencement of their defense so that plaintiff could avail itself of the opportunity of correcting the deficiency and trial would not be unduly retarded. In McClatchey v. 'Guaranty Bank & Trust Company, Inc., supra, the trial court in sustaining the exception to the jurat granted plaintiff ten days for correction. Upon his refusal to do this his suit was dismissed and the ruling affirmed in the appellate court. The cited authority, therefore, does not require dismissal of plaintiff’s suit in the instant action. We think the right to file the exception attacking the affidavit annexed to plaintiff’s petition was waived when not filed prior to the plea of payment.
In brief counsel for appellees abandoned the issues raised in points c, d and e, excepting therefrom only the contention plaintiff failed to specifically pray for the issuance of the writ of sequestration, conceding these objections are in the main based .upon the averment that the obligation which plaintiff sued upon at the time suit was instituted was not matured and hence the suit was premature. Counsel further recognizes that under Article 275, subd. 6, of the Code of Practice a writ of sequestration can be obtained prior to the maturity of the obligation. An examination of plaintiff’s petition shows *19 that plaintiff made the following allegations :
“Petitioner would further show that it has reason to believe that the defendants herein are about to leave this state permanently and that petitioner apprehends that the mortgaged machinery and property will be moved out of the state before it can have the benefit of its mortgage and that this apprehension is based on the fact that the defendants herein have already moved their persons outside the state and that the friends and relatives of the said defendants have declared that they intend to move the mortgaged property out of this state in the near future; that your petitioner is entitled to have a writ of sequestration issue and confirmed in due course and judgment in the sum as set forth hereinabove and is further entitled to have the Sheriff of Rapides Parish to sell, after due notice and advertisement hereof, at a public sale all the machinery and property herein-above described, for cash to the highest bidder, subject to appraisement and that the proceeds be applied to the above judgment pro tanto with preference and priority over all persons whomsoever.”
The quoted allegations read along with the prayer and the prayer for all general and equitable relief substantially meet the requirements of pleading and legally justified the issuance of the writ. The objection is of a technical nature and has brought no prejudice to defendant movers, hence it should be overruled.
Our findings disclose no grounds upon which the writ of sequestration issuing in the instant suit should have been dissolved and we think the court a quo was in error in sustaining defendants’ motions. The judgment from which appealed is annulled and set aside, the motions heretofore filed for the purpose of dissolving the writ of sequestration are denied, and the case is remanded for further proceedings according to law and not inconsistent with the views herein expressed. Defendants are cast for all costs of this appeal.