HIGGINS, Justice.
 

 The plaintiff instituted this action to recover an undivided one-third interest in certain real estate described in his petition. The suit was filed against the Rodessa Oil & Land Company, Inc., in possession of the whole of the property, and Mrs. Alex R. MacDonald, under Act No. 38 of 1908, who was out of possession of the property but claimed an undivided one-fourth interest in the land in a certain suit instituted by her against the Rodessa Oil & Land Company, Inc., in the First judicial district court for the parish of Caddo, and now pending in the' federal court for the Western District of Louisiana; it having been removed there on November 19, 1935.
 

 The Rodessa Oil & Land Company, Inc., as record owner of the property, filed an exception in which it is stated that “the said petition has improperly accumulated distinct causes of action therein, and has improperly joined the parties defendant.” Mrs. MacDonald did not join in the exception.
 

 The district court sustained the exception and dismissed the suit, and plaintiff has appealed.
 

 - In article 20 of the petition, plaintiff alleges that in the suit by Mrs. MacDonald against the Rodessa Oil & Land Company, Inc., No. 67514 of the docket of the First judicial district court of the parish of Caddo, now removed to the federal court of the Western District of Louisiana, Mrs. MacDonald, by virtue of transactions described in her petition, claimed an undivided four-sixteenths interest in the whole of the property occupied by the Rodessa Oil & Land Company, Inc., and that these trans
 
 *735
 
 actions are recited in paragraph 18 of plaintiff’s petition.
 

 In paragraph 21 of the petition, he alleges :
 

 “That these conflicting claims in the said Mrs. MacDonald and the said Rodessa Oil & Land Co., Inc., trace directly to the title originating in E. Moscher, as shown, and that petitioner has no interest or concern to either affirm or deny the validity of the claim asserted by the said Mrs. MacDonald, as in any event, whether her action is successful or not, her claim, as well as any claim right, title or interest the said Rodessa Oil & Land Company may have in and to any part or all of said properties, is of necessity subordinate to petitioner’s interest therein; but that in view of the situation as thus disclosed, the said Mrs. MacDonald has an interest, contingent or otherwise, in said properties, and that she is therefore an interested and necessary party to the present suit.”
 

 It appears from the allegations of plaintiff’s petition that Mrs. MacDonald’s interest is traced directly to the same common source of title as the interest of the other defendant, and, therefore, she has the same interest in defeating plaintiff’s claim on the issues presented in this suit as the Rodessa Oil & Land Company, Inc.
 

 Defendant argues that a plaintiff in a petitory action must be out of possession of the property; that the defendant in such an action must be in possession, C.P. art. 43; that if plaintiff desired to sue Mrs. MacDonald and she asserted the claim for the property by a recorded title, the suit would necessarily be predicated on Act No. 38 of 1908, which authorizes such actions when neither party is in possession of the land; that there is no law in this state by which a party out of possession may sue a party in possession in a petitory action and cumulate therewith his demands against another party out of possession in a proceeding provided. for by Act No. 38 of 1908; that this is especially true in the instant case, where plaintiff is seeking to recover only an undivided one-third interest in the immovable property and Mrs. MacDonald has claimed only an undivided four-sixteenths or one-fourth interest and, therefore, if plaintiff should' obtain judgment against the defendant in possession for his one-third interest, the Rodessa Oil & Land Company, Inc., would be in a position to satisfy such a judgment without the presence of Mrs. MacDonald, and that the only' effect of bringing Mrs. MacDonald into the case is to bring her entire suit pending in the federal court into this proceeding.
 

 We quoted, with approval, in the case of Lykes Bros. Ripley S. S. Co., Inc., v. Wiegand Marionneaux Lumber Company, Inc., 185 La. 1085, 171 So. 453, the following excerpt from 47 Corpus Juris, page 82, as. to the rule on joinder of parties defendant in Louisiana:
 

 “Rules in Louisiana. The code of Louisiana is generally founded on the civil law; but the code of practice makes no provision for determining when parties may or may not be joined as defendants, and it has been said that the practice as to such mat
 
 *737
 
 ters generally must'be determined by the rules of the common law, according to which a large discretion is left to the court. The test as to whether several persons may be joined as parties defendant is whether they have a common interest or liability in respect of the subject matter of the suit; and where they have such a common interest in the principal matter in controversy they may be joined as defendants, notwithstanding there is some distinction in plaintiff’s claim against each defendant. But a person cannot be joined as defendant in an action on a demand in which he has no interest; and several persons cannot be joined as defendants where they have no community of interest in the subject matter of the litigation, as where the causes of action against each defendant are distinct and separate and arose from different and independent transactions; nor can two parties be joined as defendants, where one or the' other is liable, but not both.”
 

 In that case, we also quoted approvingly from Reardon v. Dickinson, 156 La. 556, 100 So. 715, as follows:
 

 “The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject-matter of the suit.”
 

 In Erskine Heirs v. Gardiner, 166 La. 1098, 118 So. 453, we said:
 

 “Defendant also excepts that there is a misjoinder of parties plaintiffs, because the various confirmations were not in one act, but by separate acts, all executed at different times. The plea is not well founded. All the acts had but- one purpose in view, and were all executed about the same time; the object of all parties is the same, to wit, to set aside those confirmations and to be recognized as joint owners of one undivided half of the lands. ‘The test to be applied in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject-matter of the suit, * * * ’ and ‘after all, the matter was within the sound discretion of the trial judge.’ Reardon v. Dickinson, 156 La. 556, 100 So. 715, citing Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, and other authorities.”
 

 See, also, Riggs
 
 &
 
 Bro. v. Bell et al., 39 La.Ann. 1030, 3 So. 183; Holzab v. New Orleans & Carrollton Railroad Company et al., 38 La.Ann. 185, 187, 58 Am.Rep. 177; Cane v. Sewall et al., 34 La.Ann. 1096, and Conery v. Coons et al., 33 La.Ann. 372.
 

 In Reardon v. Dickinson, 156 La. 556, 100 So. 715, 717, plaintiffs filed suit against the defendants for a money judgment in solido to be apportioned among them upon a basis disclosed in the petition — because of the same false representations upon which each of the plaintiffs separately and individually were induced to buy certain stock in a corporation. Here the transactions were distinct and separate, and the one common issue presented was as to the false representations upon which the purchases had been made. The exception of misjoinder was based on the claim that there was no privity of interest between the plaintiffs with respect to the relief demanded by them individu'ally. In dismissing this contention, the court said:
 

 
 *739
 
 “From the foregoing recited facts it is apparent that all of the plaintiffs were moved and induced to subscribe for the stock of the corporation on the false and misleading representations of the common agent of the promoters and organizers of the corporation, and it follows as a corollary that all of them have an interest in common with each other to recover the amounts which each of them paid out on such fraudulént representations. It can make no difference whether the representations were made to the plaintiffs individually or collectively, at one time and place or at different times and places, it suffices for the purposes of this case that the representations were the same to each of the plaintiffs, and that each acted on such representations. The cause of action of each of the plaintiffs, therefore, has the same origin and arises from the same common source. The evidence necessary to sustain the demand of one will be required for all the others. If one of the plaintiffs is entitled to recover, then all of them are. The plaintiffs must all succeed or all fail. There is no controversy as to the amount due each plaintiff. There is no antagonism between the plaintiffs. The certificates of stock are annexed to the petition and speak for themselves. The defendants cannot question the legality of the stock purchased by the plaintiffs, nor can the corporation do so.
 

 “The only issue presented, therefore, between the plaintiffs and the defendants, is the. alleged artifice and fraud practiced on the plaintiffs by the agent of the defendants. There has been no sufficient reason suggested, and none can be suggested, why there should be as many separate trials of that single issue 'as there are plaintiffs in this suit. In Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, Mr. Justice Provosty commented on the fact that the Code of Practice makes no provision for determining when parties may or may not be joined either as plaintiffs or defendants; and after a review of many authorities he said:—
 

 “ ‘We have to be guided in that regard by the well-settled rules of pleading as found in the books of common law, according to which a large discretion is left to the court; the aim being to avoid a multiplicity of suits, while not permitting parties to be joined who have not a common interest. * * * ’
 

 “And this appears to be the rule followed in all of the cases we have been able to find. Where there is a common- interest in the subject-matter of the suit, and where the cause of action arises from the same common source, joinder will be permitted; otherwise it will not.”
 

 .The trend of our jurisprudence is to liberalize the right of joinder, thereby avoiding a multiplicity of suits. The ex-ceptor contends that to allow Mrs. MacDonald to be joined in this action creates a multiplicity of issues and controversies. The argument is made that, by joining Mrs. MacDonald as a defendant herein, the issues in her suit against the Rodessa Oil & Land Company, Inc., pending in the federal court necessarily will be injected into the instant case.
 

 
 *741
 
 It may well be that, in defending her interest in the present suit, Mrs. MacDonald must deny the plaintiff’s ownership and allege that she owns four-sixteenths interest in the property, as she contends in her suit against the other defendant, and the Rodessa Oil & Land Company, Inc., would then be obliged to deny Mrs. MacDonald’s title and assert its own; but the issue to be decided in the present litigation is whether or not the plaintiff is an owner of a one-third interest in the whole of the property, which the two defendants claim to own in part and whole, respectively. Therefore, the trial would be limited to a consideration of the question of whether or not the plaintiff is able to show superior title to the land in controversy against the two defendants, who trace their title to a common source, and the question as to who has the superior title to the property as between the two defendants would not be decided in this case, but in the suit pending in the federal court for the Western District. If the plaintiff were successful in a suit against the Rodessa Oil & Land Company, Inc., alone, there would still remain unsettled the question of whether or not Mrs. MacDonald had a superior right to the title and interest which she claims over the plaintiff. This would leave the title with a cloud which could only be cleared by a lawsuit, in the event the parties were unable to amicably adjust their differences. The main purpose of the plaintiff’s suit is to get a clear title — not an uncertain one. Even though Rodessa Oil & Land' Company, Inc., were in a position to satisfy any judgment plaintiff might obtain against it, this fact would not clear plaintiff’s title as superior to Mrs. MacDonald’s. Consequently, by joining her as a defendant, an additional lawsuit is avoided and other controversies and issues between the two defendants are not injected into this case.
 

 The vital fact is that the plaintiff is asserting a claim to one-third of the ownership of the whole of the property against both defendants alike. This is the only issue to be determined in the case. The defendants derived such titles as they own from one source, which is now brought under attack. The plaintiff alleges that the conflicting claims of the defendants are traced directly back to the title of E. Moscher, the vendee of the plaintiff’s brother, who purchased from the plaintiff himself, and, therefore, any interest the defendants might have in the property is subordinate to the plaintiff’s interest therein. This is a single cause of action against one defendant as a record owner in possession and the other defendant as a record claimant. In such a situation, in order to determine the plaintiff’s rights in the whole of the property as against both claimants, it is necessary that they be joined as defendants.
 

 The fact that there may be a defense available in this case to one of the defendants, which is not available to the other, does not alter the situation. Gill v. City of Lake Charles, 119 La. 17, 43 So. 897.
 

 Counsel for the exceptor states in his brief that he was unable to cite a case in point, but refers us to Bossier’s Heirs v. Hollingsworth & Jackson, 119 La. 500, 44 So. 278, as an authority that is pertinent.
 
 *743
 
 In that case the plaintiff attempted to join a petitory action with an action of jactitation or surrender of title and an ex delicto action or claim for damages for cutting timber. The court sustained the plea of improper cumulation or cause of action, because the three actions are distinct and are governed by different rules. That case is not apposite here, because this is a strict petitory action as against one defendant and a petitory action permitted by Act No. 38 of 1908 against the other defendant based upon plaintiff’s claim to superior title as against both of them — who trace their title to a common source. It is our opinion that there has not been an improper cumulation of causes of action and an improper joinder of parties defendant.
 

 For the reasons assigned, the judgment of the lower court is annulled, the exception is overruled, and the case remanded to the trial court for further proceedings according to law and not inconsistent with the views herein expressed; appellee to pay all costs of this court.