## GRANIER et al. v. BOURGEOIS.

### No. 1982.

Court of Appeal of Louisiana. First Circuit.

May 4, 1939.

Rehearing Denied June 6, 1939.

See 189 So. 474.

Carroll Montet, of Thibodaux, for appellant.

Francis L. Knobloch, of Thibodaux, for appellees.

424.

LE BLANC, Judge.

This is a suit for damages brought jointly by a husband and wife against the same defendant, arising out of an automobile accident which occurred about noon, July 2, 1937, on the paved highway running along Bayou Lafourche about three miles south of Thibodaux in the Parish of Lafourche. The demand of the husband, Alibe Granier, alias John Granier, is for the sum of $491.-78 and consists of claims for medical, hospital and other expenses incidental to the treatment of the injuries sustained by himself and his wife, for loss of time from his work, the pain and suffering which he endured and for necessary repairs to his automobile. The demand of his wife, Mrs. Rosa Larousse Granier, is for the sum of $1,500, of which $1,200 is for a fractured arm and $300 for pain and suffering.

Plaintiffs were driving north in their automobile and the defendant, Freddie Bourgeois, was going south in his Ford truck. He is charged with negligence in driving his truck entirely across the highway on his left and running into the plaintiffs' car which had been pulled far over to its right on the shoulder along the paved portion of the highway. Plaintiffs had alleged in their petition that the defendant acknowledged his responsibility for the accident in the presence of certain officers but subsequently by a simulated transaction endeavored to place his property beyond their reach when he executed a mortgage on the same in favor of a relative by marriage. No demand is made however nor is any relief prayed for on this last allegation more than a reservation to claim additional damages.

The defendant filed numerous exceptions to the petition of the plaintiffs. They were all overruled in the lower court with the exception of one of vagueness. In ruling on this latter exception the court ordered plaintiffs to amend their petition in certain respects which they promptly did. Defendant then answered the petitions, both original and supplemental, putting all the allegations therein contained at issue and the case was then heard and submitted on the merits. No note of evidence was made but the district judge in rendering judgment stated the facts as he appreciated them in a written opinion and awarded plaintiffs damages in the aggregate sum of $1,417.78, of which amount $1,000 was decreed in favor of Mrs. Rosa Larousse Granier and $417.78 in favor of Alibe

Granier, alias John Granier. Defendant then appealed.

In this court counsel for defendant strenuously urges a reconsideration of the exception of misjoinder of parties plaintiff and of want of proper verification. In fact, the strongest defense presented to the suit is the exception of misjoinder.

Counsel has submitted quite an elaborate brief on the question contending that for the purpose of presenting their respective claims against the defendant, the plaintiffs, husband and wife, must be treated as two entirely separate and distinct persons each with a separate and distinct claim, and that there is not a community of interest between them which authorizes the joining of their separate demands in one and the same suit.

Counsel's contentions might well comand serious consideration were it not that they are all met by the decision of the Supreme Court in the case of Gill v. City of Lake Charles, 119 La. 17, 43 So. 897, 898 and those cases which have up to very recently followed that decision.

In the Gill case, as is well known, Justice Provosty in the opinion handed down shows that he made a most searching inquiry into the subject of "Misjoinder of Parties" and finding our Code of Practice silent on the subject he referred to the common law rules of pleading and practice as safe guides in considering an exception of misjoinder. Under those rules the general result was stated to be that "the avoidance of a multiplicity of suits is always desirable, but that parties are not allowed to join unless they have a common interest as to the point at issue, and that even then the court may exercise a discretion."

It may be said to be a debatable question whether resort to the common law rules on the subject is necessary in view of the provisions of our Code of Practice relating to the "Cumulation of Actions" Article 148 et seq. For a most illuminating discussion of that subject, reference may be made to a recent article written by Professor Henry George McMahon, Professor of Civil law, Louisiana State University, published in the Tulane Law Review Vol. XIII, p. 385. As shown in that article the common law term "misjoinder of parties" does not appear in the jurisprudence of this State until the year 1856 in the case of Brewer v. Cook, 11 La.Ann.

637, and the first exception filed under that style or designation is to be found in the case of Cane v. Sewall, 34 La.Ann. 1096. The result reached in the Gill case by which the exception was overruled is not questioned by the author but it is urged that the same result could have been obtained without recourse to the common law rules therein referred to. That result, which after all is what we are vitally concerned with in considering the exception in the case now before us, was to permit eight different riparian land owners to join in one suit to have a municipal ordinance annulled. The court could find no objection to their doing so when in the relief which they sought, they were solidary, adding: "They are solidary in this suit because the annulment of the ordinance, which is the only thing which they are asking for, will be as effective as decreed at the instance of one as at the instance of all. *In addition to this solidarity, there is the singleness of issue. * * * Certainly the defendants can have no interest in litigating this issue in eight suits, instead of in one."* (Italics ours). In the instant case the only issue is the liability vel non of the defendant for the damages suffered by the plaintiffs because of his alleged negligence and that liability, if decreed, will be effective in the same manner to one as well as the other plaintiff. There is a singleness of issue and in our opinion it would be not only to the interest but also to the advantage of the defendant to litigate it in one suit instead of two. The liability which plaintiffs seek to impose on him arose out of one alleged tort and will necessarily be based on the same factual situation—ex eodem facto—and no useful purpose would be served by merely having two suits instead of one in which to present the same facts before the court.

Following the case of Gill v. City of Lake Charles there are numerous cases dealing with the subject of the exception we now have under consideration. We deem it unnecessary to refer to but a few, among them the most recent.

In Reardon v. Dickinson, 156 La. 556, 100 So. 715, 716, the exception was aimed at the right of twenty plaintiffs to join in the same action against four defendants to recover $35,000 apportioned to the plaintiffs in the manner set out in their petition, the amount being that paid by them for 35,000 shares of the capital stock of a certain drilling company. The same contentions as are usually made in support of

the exception were presented but the court stated that because of the want of interest among the plaintiffs and the diversity of their ownership of the stock, it did not follow that they could not all legally join in one suit. "The test to be applied" stated the court, "in considering a plea of misjoinder is whether the parties, plaintiffs or defendants, have a common interest in the subject-matter of the suit." This same test was applied in the case of Erskine Heirs v. Gardiner, 166 La. 1098, 118 So. 453, and again in Keel v. Rodessa Oil & Land Company, 189 La. 732, 180 So. 502, 505. In this last case, the court expresses itself rather positively on the subject by stating that "The trend of our jurisprudence is to liberalize the right of joinder, thereby avoiding a multiplicity of suits."

Following that trend, under the authorities cited, we are convinced that the exception in this case was properly overruled in the lower court.

■ On the exception of want of proper verification defendant complains that the verification of the allegations of the supplemental petition by counsel for the plaintiffs goes further than it should as it includes allegations "made on information and belief" when as a matter of fact there are no such allegations contained in that petition. At most, this could be considered only as surplusage and is certainly not such a violation of the provisions of the Pleading in Practice Act, Act No. 27 of 1926, as to warrant the dismissal of the suit. It might be pertinent to mention moreover that the questioned verification is to the allegations of a supplemental petition which was filed under order of the court so that proper amendment of the allegations contained in the original petition might be made. We find no merit in this exception and hold that it was also correctly overruled by the district judge.

■ On the merits of the case we are asked to reverse the findings of the trial judge because of his misconception of the testimony of the only witness who is said to be a disinterested witness and who was called by the plaintiffs themselves. As already stated however the testimony was not transcribed and there is no note of evidence in the record. The case is presented to this court on the statement of facts found in the written opinion of the trial judge and a supplemental statement prepared by him at the joint request of counsel on both sides with a short adden-

dum supplied by them, from all of which we are unable to say that the trial judge committed error in weighing not only the testimony of the witness particularly referred to, but all other testimony in the case as well.

There is no dispute apparently regarding the amount of the award to each plaintiff and for the reasons stated, the judgment will stand as rendered below.

Judgment affirmed.