GLADNEY, Judge.
C. Bickham Dickson, Jr., for himself and as tutor for his minor children, C. Bickham *76 Dickson III and Michael Augustus Dickson, instituted this, a possessory action, against twenty-three named defendants. Five of these were dismissed from the suit by voluntary action, thus leaving eighteen defendants.[1] A number of the defendants filed dilatory exceptions which included misjoinder of parties defendant and improper cumulation of actions. After a hearing by the district court, plaintiffs’ suit was dismissed as to all defendants, from which ruling this appeal has been perfected.
The petition alleges that prior to changes brought about by the Red River in March and April of 1945, the properties of petitioners and the defendants lay on opposite sides of the channel of the river, petitioners’ property, Sunflower Point Plantation, fronting on the east or left descending bank, and that of defendants fronting on the west side or right descending bank. . The separate properties of defendants are contiguous and consist of lots in the Dixie Gardens Subdivision, or adjoining acreage.
By caving and erosion the river had gradually encroached upon the lands of each of the defendants, thereby extending the width of its channel. On or about April 1, 1945, during an extremely high water period, Red River cut a new channel across petitioners’ property, and in so changing its course and effecting a new channel its former channel touching defendants’ properties was abandoned and became disconnected from the main stream of Red River. After the flood waters had receded from its former channel its bed was exposed as high land, whereupon plaintiffs’ ancestor in title took possession of this newly formed land and thereafter petitioners allegedly have exercised actual and physical possession thereof.[2] Disturbance of possession is charged in that defendants are now slandering petitioners’ title to said property by holding themselves out as owners thereof on the assessment rolls of Caddo Parish.[3]
With changes as enumerated by Henry G. McMahon in his commentary entitled Summary of Procedural Changes, Chapter 2 of Book 1, page 299, the Code of Civil Procedure has codified our jurisprudential law on joinder of plural parties and plural actions. The trend of the practice had been and is now to liberalize the right of joinder in order to avoid a multiplicity of suits. In determining the course of the action involving joinder, a large amount of discretion is left with the trial court. Keel v. Rodessa Oil & Land Co. Inc., 189 La. 732, 180 So. 502 (1938). This supervision is carried forward in C.C.P. Art. 465 in which separate trials of cumulat-ed actions are provided for in order to permit a more orderly disposal of the case, and separate trials of cumulated actions may be required even if cumulation would be proper. The Code has regulated permissive *77 joinder of parties through, the specific rules relating to cumulation of actions as set forth in Arts. 461-465. Cumulation of actions is defined as the joinder of separate actions in the same judicial demand whether by single or plural plaintiffs or against one or more defendants. It is expressly provided two or more parties may be joined in the same suit either as plaintiffs or as defendants: if there is a community of interest between the parties joined;[4] each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and all of the actions cu-mulated are mutually consistent and employ the same form of procedure. C.C.P. Art. 463.
The exceptions as sustained by the trial court are predicated on the contention there is no community of interest between all of the defendants. Exceptors do not complain that the trial court lacked jurisdiction or venue, or that the cumulated actions are not consistent
As disclosed in the prayer of plaintiffs’ petition, the relief sought is peculiarly that of a possessory action.[5]
Stated in general terms plaintiffs’ action is brought for the purpose of restoring or preventing disturbance of their possession of land created by dereliction and affects the property of each defendant. The question of title to said property, at this stage of the proceedings, is not at issue (C.C.P. Art. 3661) and should any of the defendants raise the issue of title the possession to said property by plaintiffs must be considered as confessed. C.C.P. Art. 3657.
As support for their contention there is no community of interest between all of the defendants, exceptors also assert there is no privity of contract between the defendants and there is no joint liability between the defendants and plaintiffs. It is our understanding of the effect of C.C. P. Art. 463, however, that in determining the question of community of interest these charges, if pertinent, may receive due consideration. Counsel for appellees have cited a number of authorities as supporting their position. Where there is joinder of plural parties and plural actions *78 in one suit, each case must be decided according to its own peculiar facts and remedies. We are of the opinion the Gill case is apposite to and should control the instant case. We, therefore, find it unnec-sary to discuss the cases cited.
In countering the argument of exceptors that there is no community of interest between the parties defendant, plaintiffs argue that as to each defendant the legal procedure and the facts surrounding it are the same; and that the defenses which may be urged will be the same and the evidence against each defendant will be the same. Thus, it is contended, each of the defendants is alike regardless of minor differences with respect to the extent of the property of each in dispute.
One of the most thoroughly considered cases in our jurisprudence is Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 (1907). Among the official comments found in the Code of Civil Procedure is the preliminary statement to chapter 2 of book 1, entitled Cumulation of Actions, LSA Vol. 2 page 298, which observes as to the Gill case:
“ * * * Actually, the result in the Gill case was entirely sound, as the court merely applied the test of community of interest of the earlier Louisiana cases, and considered no common law cases at all, but only equity precedents on the kindred subject of multifariousness. Later Louisiana decisions, however, misinterpreted the Gill case, and applied common law rules on the subject. The latter were based on concepts of joint, several, and joint and several obligations which are completely foreign to oUr substantive law. The result was that these later Loui-sana cases adopted rules which are completely unworkable, and which in some instances lead us into vicious circles.
“This Chapter restores the simple rules of cumulation, with specific rules covering all aspects of the subject. “For a detailed discussion of the subject, and the problems presented, see 19 La.L.Rev. 1 (1958).” [2 LSA-C. C.P. p. 298]
In Gill, joinder of tax payers in one suit was sanctioned for the purpose of contesting the right of a municipality to grant to a railroad company a right-of-way along a so-called street traversing their several properties which, they claimed, was not in fact a street, but private property belonging to them. The court said:
“* * * we can see no objection to their doing so when in the relief which they seek they are, as in this suit, soli-dary. They are solidary in this suit because the annulment of the ordinance, which is the only thing which they are asking for, will be as effective if decreed at the instance of one as at the instance of all. In addition to this solidarity, there is the singleness of issue. The issue which the plaintiffs in their quality as property owners along this lake front raise with the defendants is whether there has been or not such a dedication of the space along this lake front to the public that the city may grant a right of passage along there to a railroad without compensation to the proprietors along the proposed line. Certainly the defendants can have no interest in litigating this issue in eight suits, instead of in one.” [43 So. 897, 898]
The thrust of, plaintiffs’ action is to assert possession to that part of the bed of the old channel which in 1945 consisted of a part of the property of each defendant. In resisting this action the legal procedure and defenses of each defendant will be the same, that is to say, there has been no disturbance of the possession as claimed. Therefore, it appears to us that each defendant has a common interest in the judicial settlement of the questions raised herein affecting .either the claims asserted by plaintiffs or with respect to his own *79 property rights. From our examination of the pleadings we find no inconsistency in the character of the demands brought against each of the defendants and we fail to see why any one of them would have a special interest in separately litigating the issues.
Although defendants have also made the point that by reason of the joinder of parties defendant, the cost of the litigation will be increased, we find it to be without merit. In the event any of the defendants should later convert the demands against them to a petitory action, the court is authorized under Art. 465 to segregate and to try the converted action separately.
For the reasons above stated we rule that there has been a proper cumulation of actions in the present proceeding and that plaintiffs should be permitted to proceed with the trial of their case.
Accordingly, the judgment sustaining the exceptions of misjoinder of parties defendant and improper cumulation of actions is annulled and set aside, the exceptions are overruled, and the case is remanded to the First Judicial District Court for Caddo Parish for further proceedings according to law, and not inconsistent with the views herein expressed.
Costs of this appeal are assessed against defendants-appellants.

. William R. Barrow, A. McIntyre Leary, J. E. Sandefur, James E. McDonald, Joe Mandino, William G. Boogaerts, Doris Gowan Baughman, Mrs. Minnie T. Walker, Glenn H. Walker, Jr., Mildred T. Walker, Martha Virginia Walker, James Tigner Walker, The Philip Lieber Company, The Texas & Pacific Railway Company, August C. Laborde, Eunice Eeist, The Abe Meyer Corporation and Norman D. Stewart.

. Ownership of the dry bed is claimed by plaintiffs by way of indemnification by reason of LSA-C.C. Art. 518 which reads:
“If a river or stream, whether navigable or not, opens itself a new bed by leaving its former channel, the owners of the soil newly occupied shall take, by way of indemnification, the former bed of the river, every one in proportion to the quantity of land he has lost. “They shall again take their former property, if the river or stream returns to its former channel.”

.Additional disturbance is charged to one of the defendants, Norman D. Stewart, in that he has trespassed and continues to trespass on said property by moving dirt therefrom and grazing his cattle. Plaintiffs are entitled to relief under G.O.P. 3659 which has made it possible to merge the former jactitory action into the broadened possessory action.

. The Official Revision Comments to Article 463 state:
“A few of the Louisiana cases apply the test of ‘community of interest’ in determining whether the cumulation of actions has been proper. Favrot v. Parish of East Baton Rouge, 30 La.Ann. 606 (1878) ; La. Western R. R. Co. v. Hopkins, 33 La.Ann. 806 (1881); State Nat. Bank v. Allen, 39 La.Ann. 806, 2 So. 600 (1887); McGee v. Collins, 156 La. 291, 100 So. 430 [34 A.L.R. 336] (1924). It is apparent, however, that ‘community of interest’ and ‘common interest’ refer to exactly the same concept, as a number of the Louisiana cases use both terms, and in a manner which indicates definitely that they are considered as synonymous. Briel v. Postal Telegraph Co., 112 La. 412, 36 So. 477 (1904); Smith v. Phillips, 171 La. 291, 131 So. 23 (1930); Lykes Bros. Ripley S.S. Co. v. Wiegand Marionneaux L. Co., 185 La. 1085, 171 So. 453 (1936); Keel v. Rodessa Oil & Land Co., 189 La. 732, 180 So. 502 (1938); Board of Com’rs of Orleans Levee District v. Shushan, 197 La. 598, 2 So.2d 35 (1941). As used in this article, ‘community of interest’ is considered as being synonymous witb ‘common interest’ and is used in exactly the same sense in which the latter term is used in Gill v. City of Lake Charles, supra. “(c) The term ‘community of interest’ retains the same meaning assigned to it and to ‘common interest’ in Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 (1907), and subsequent cases based thereon, namely, actions arising out of the same facts, or presenting the same factual and legal issues. * * * ” [2 LSA-C.C.P. Art. 463, p. 322]

. C.C.P. Art. 3655 defines the possessory action:
“The possessory action is one brought by the possessor of immovable property or of a real right to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.” [8 LSA-C.C.P. Art. 3655]