408 So.2d 459 (1981)
Georgia Wilson JOHNSTON
v.
Bernard K. JOHNSTON.
No. 14519.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
Thomas R. Elkins, Baton Rouge, for plaintiff-appellee, Georgia Wilson Johnston.
Glenn T. Cambre, Gonzales, for defendant-appellant Bernard K. Johnston.
Before COVINGTON, LEAR and COLE, JJ.
LEAR, Judge.
This is a rule for the termination of permanent alimony and child support filed by a former husband, Bernard K. Johnston, against his former wife, Georgia Wilson Johnston. The trial court dismissed the rule after hearing.
The parties were divorced by judgment dated August 26, 1975. Mr. Johnston was ordered to pay alimony in the sum of $400.00 per month to Mrs. Johnston, and to pay child support in the amount of $237.50 per month for their two minor children, Laurie Ann Johnston, and Robert Marlin Johnston.
To obtain a reduction or termination of permanent alimony, a former spouse must show a change in circumstances between the time of the granting of permanent alimony and the time of the rule to reduce or terminate alimony. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Howell v. Howell, 391 So.2d 1304 (La.App. 4th Cir. 1980).
The trial court found that a change in circumstances had not been proven. We agree. Mr. Johnston has a railroad job from which he received a net annual income (after taxes and railroad retirement) of $25,080.00 in 1980. However, he testified he did not bother to look at his federal income tax forms to determine his income at the time the divorce decree was signed. Mr. Johnston has since remarried, and the remarriage entails expenses. However, we do not know Mr. Johnston's expenses when the divorce was granted. We likewise do not have available Mrs. Johnston's expenses at the time of divorce. Mr. Johnston testified that he would have to undergo an *460 operation to remove a spot from his lung within the next year, and Mrs. Johnston testified she would have to undergo an operation to remove a kidney stone within that time. However, no medical testimony was introduced to prove the illness or loss of time from work by either party.
The record considered, we cannot say that the trial court was clearly wrong in arriving at its determination that a change in circumstances as to alimony had not been proven. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The judgment of the trial court did not allude to that portion of the rule asking for termination of child support. The children are now over the age of 18 years and support themselves; therefore, termination should have been ordered. Where the judgment is silent, there is a presumption that the relief is denied.
Therefore, we affirm the judgment of the trial court as to alimony, and reverse the court to formally terminate child support, all costs to be paid by appellant.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.