430 So.2d 110 (1983)
Daniel John DEBS, Pamela Gail Royer Debs, Roy Woodrow Nicholson, Linda Ann Bernard Nicholson, Individually and as Representatives of All Persons Similarly Situated and Having a Common Interest
v.
SUNRISE HOMES, INC., and Coast Quality Construction Corporation.
No. 82-CA-124.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
Rehearing Denied May 18, 1983.
*111 Buckley & Buckley, Sam O. Buckley, Chalmette, for plaintiffs-appellants.
Beard, Blue, Schmitt, Mathes, Koch & Williams, A.J. Schmitt, Jr. and Melvin W. Mathes, New Orleans, Hailey, McNamara, Hall, Larmann & Papale, Michael P. Mentz, Metairie, and Heebe & Heebe, Bernhardt C. Heebe, New Orleans, for defendants-appellees.
Before BOUTALL, CHEHARDY and CURRAULT, JJ.
CHEHARDY, Judge.
Plaintiffs appeal from the dismissal of their attempted class action suit in quanti minoris and for breach of contract. We affirm, but amend to allow the plaintiffs to pursue their claims individually.
The named plaintiffs are all homeowners in the Woodmere Subdivision, Harvey, Louisiana, who purchased their homes from Sunrise Homes, Inc., between 1975 and April 12,1980, and whose homes were flooded following a heavy rainfall on April 13, 1980. They filed suit individually and on behalf of all others similarly situated against Sunrise Homes, alleging a redhibitory defect in that the elevations of the slabs or first floor levels of their houses were too low, allowing the houses to flood. They also sued Coast Quality Construction Corporation, the builder, alleging Coast expressly warranted their slab elevations to be a minimum of + 1.50 MSL (Mean Sea Level) and these warranties were breached. The plaintiffs limited their demands to reductions in the purchase prices of their homes, and sought $35,000 per dwelling (that being the cost, they alleged, to have the slabs elevated) plus attorney's fees pursuant to LSA-C.C. art. 2545.
The original named plaintiffs were two married couples. After a hearing on defendants' first peremptory exception to the class action, the trial judge dismissed the suit as a class action, but allowed the plaintiffs to amend their suit. The plaintiffs filed a supplemental and amending petition, adding 52 other named plaintiffs (representing 27 dwellings). The plaintiffs also sought, if the class action was dismissed, to have their suit maintained as a cumulative action pursuant to LSA-C.C.P. art. 463.
Defendants again filed a peremptory exception to the class action. After another hearing, at which extensive testimony was received, the trial judge again dismissed the suit.
Plaintiffs have appealed. They raise the following issues: whether this suit can be maintained as a class action; alternatively, whether this suit can be maintained as a cumulative action; and whether the law requires the court to notify members of a class of the proposed dismissal of a class action suit.
Class actions in Louisiana are governed by Code of Civil Procedure Articles 591-597. These articles allow a class action where the persons constituting the class are so numerous that joinder of all as parties is *112 impracticable. There must be a right common to all members of the class, and the named members of the class must fairly insure the adequate representation of all members. A definitive judgment on the merits in a class action concludes all members of the class whether joined in the action or not.
The evidence establishes that this suit was initially instituted after a homeowners' association composed of Woodmere residents met to discuss the flooding in their subdivision. Some of them had surveys of their slab elevations taken; two of these families then filed suit on behalf of themselves and all others similarly situated. Their attorney obtained from the Federal Emergency Management Agency a list of persons in Woodmere who had filed flood damage claims following the April 13, 1980 flood. Plaintiffs' attorney then mailed letters to all these people, advising that this suit had been filed. They were requested to return an enclosure indicating whether they wished to be included in the suit.
Of the people who responded, many were not eligible to be plaintiffs because they had purchased their homes from someone other than Sunrise. Plaintiffs' attorney testified he checked the conveyance records and then purged the F.E.M.A. list of ineligible homeowners. He then ascertained there were about 70 families left as potential class members who had not responded.
By the time of the hearing on defendants' exception to the class action, 62 slabs of eligible homeowners had been surveyed. Thirteen of these slabs were + 1.50 MSL or higher; three were partly above and partly below + 1.50 MSL. Owners of nine more of the 62 had been voluntarily dismissed from the suit; five had written letters requesting dismissal; three had made no claim for flood damage, according to the F.E.M.A. lists. This left 29 slabs whose owners would be eligible to sue. Of these 29, eleven of the slabs had elevations within the normal surveying tolerance of error, and ten slabs belonged to named plaintiffs, leaving a class of eight members.
The plaintiffs allege that the owners of 70 homes sold by Sunrise had not yet responded to the notification letter sent by plaintiffs' attorney, and that a number of those who have indicated a desire to participate have not yet had their slabs surveyed. Plaintiffs allege all these also are potential class members.
It is very apparent to us, however, that simply to identify the other members of the class will require so many individual determinations as to make these potential claims unsuitable for a class action. As stated in defendants' brief:
"To qualify as a member of plaintiffs' class, the owners of a home built by Coast Quality Construction and sold by Sunrise Homes, Inc. would have to first present a slab elevation survey which certified that the first floor elevation was below plus 1.5 M.S.L. Although this may sound simple, a particular survey reading below plus 1.5 M.S.L. is not sufficient in and of itself to unconditionally qualify that homeowner for the class. From the testimony, evidence and stipulations presented at the hearing, it was established that there are numerous factors which may eliminate members of this POTENTIAL class."
These factors include variations in slab elevation from one point on the slab to another, the normal tolerance within the surveying industry for variations between surveys, whether the individual home sustained flood damage, and whether the lowered slab elevation occurred as a result of errors in surveying or because of naturally occurring soil subsidence.
Further, as pointed out by appellees, the named plaintiffs all seek reduction in the purchase prices of their homes. Judgment in their favor would preclude the unnamed class members from obtaining the alternative remedy of redhibition.
Considering all these factors, we conclude plaintiffs have failed to satisfy the threshold requirements of numerosity and adequate representation required by LSA-C. C.P. arts. 591 and 592. Accordingly, the trial judge's dismissal of the class action was correct.
*113 The plaintiffs next contend the district court erroneously dismissed not only the class action but also their individual claims. They assert the suit should have been allowed to proceed as a cumulative action under LSA-C.C.P. arts. 461 and 463.
It is true the wording of the judgment had the effect of dismissing the plaintiffs' claims completely because it contained the word "individually":
"IT IS ORDERED, ADJUDGED AND DECREED that judgment be and the same is hereby rendered in favor of defendants * * * and against the plaintiffs, * * * individually and as representatives of all persons similarly situated and having a common interest, finding the requisites of a class action are not present, dismissing plaintiffs' suit at their costs."
It is obvious from the record, however, that this was an inadvertent error by the trial judge. His comments throughout the hearings on both exceptions demonstrate he was concerned only with whether plaintiffs had a right to a class action. (See transcripts of July 13, 1981, p. 57; July 14, 1981, pp. 2, 3; March 18, 1982, pp. 33, 36, 41, 42.) It is clear he did not intend to preclude plaintiffs from pursuing their claims individually.
The judgment was silent, however, as to whether plaintiffs could cumulate their claims in one suit or must file separate suits. Where a judgment is silent as to a matter placed at issue, it is presumed the trial court denied the relief sought. See Johnston v. Johnston, 408 So.2d 459 (La. App. 1st Cir.1981); Hoover v. Beatty, 323 So.2d 490 (La.App. 1st Cir.1975). Because the judgment was silent, we presume the trial judge intended to deny the plaintiffs' request to cumulate their actions.
It is true the trend of practice has been and is now to liberalize the right of joinder in order to avoid a multiplicity of suits. Keel v. Rodessa Oil & Land Co., 189 La. 732, 180 So. 502 (La.1938); Dickson v. Sandefur, 181 So.2d 75 (La.App. 2d Cir. 1965), writ denied 248 La. 906, 182 So.2d 660. The test applicable in considering the cumulation of parties is whether the parties, plaintiffs or defendants, have a common interest in the subject matter of the suit, a question within the sound discretion of the court. Keel v. Rodessa Oil & Land Co., supra; Erskine Heirs v. Gardiner, 166 La. 1098, 118 So. 453 (La.1928); Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 (La.1907).
Considering the variations in evidence the different plaintiffs here need to establish not only defendants' liability but also plaintiffs' damages, we find no abuse of discretion by the trial judge in dismissing the suit as a cumulative action.
The final issue is whether the court is required to notify the unnamed class members of the dismissal of the class action. Since, under our holding, there has never been a class actiononly an attempted class actionthis rule is not applicable. Further, it is clear this article, modeled directly on Fed.R.Civ.P. 23, was intended to refer to voluntary dismissals rather than dismissals on the merits. See Webster Eisenlohr, Inc. v. Kalodner, 145 F.2d 316 (3d Cir.1944), cert. den. 325 U.S. 867, 65 S.Ct. 1404, 89 L.Ed. 1986.
For the foregoing reasons, the judgment of the district court is amended to delete the word "individually". In all other respects the judgment is affirmed. The district court is directed to order separate trials for the plaintiffs in accordance with LSA-C.C.P. art. 464. Costs of this appeal are assessed against plaintiffs-appellants.
AMENDED AND AS AMENDED AFFIRMED.
BOUTALL, J., dissents in part with written reasons.
BOUTALL, Judge, dissenting in part.
I agree with the proposed opinion insofar as it dismisses the class action and reverses the trial court's dismissal of the individual actions. However I consider that there is sufficient mutuality of interest between the plaintiffs who purchased from the same builder and who suffered flood damage to permit a cumulation of actions under C.C.P. *114 articles 461 and 463. In either situation the trial judge may still order a separate trial of cumulated actions if he desires. C.C.P. article 465.