SUSAN M. CHEHARDY, Judge.
|2On appeal, Ms. Mixter seeks review of the trial court’s award of general damages. For the following reasons, we amend and affirm as amended.

Facts and Procedural History

On April 23, 2008,[1] Ms. Mixter was in a motor vehicle accident, in which her vehicle was rear-ended by a vehicle driven by Mr. David Wilson. At that time, Mr. Wilson was insured by defendant, Allstate Insurance Company (“Allstate”).
Later, on the evening of April 23, 2008, Ms. Mixter presented to Ochsner Foundation Hospital Emergency Room with complaints of injuries from the motor vehicle accident. That evening, Ms. Mixter was diagnosed with and treated for neck strain and contusions of the knee and chest wall.
*1167 On April 26, 2008, Ms. Mixter presented for treatment with a chiropractor, Dr. Robert R. Dale, complaining of cervical and upper thoracic pain, muscle spasms, stiffness, headaches, lumbosacral pain, bilateral sacroiliac joint pain, and shoulder and hip pain. After examination, Dr. Dale diagnosed Ms. Mixter with | ^cervical sprain/strain, lumbosacral sprain/strain, muscle spasm, knee bursitis, and shoulder bursitis, among other things. Ms. Mixter continued treatment with Dr. Dale for injuries received in the instant accident through January 6, 2009.
On July 1, 2008, Dr. Dale reported that Ms. Mixter was still experiencing pain in her neck, arm, and shoulder. Dr. Dale sent Ms. Mixter for a MRI of the cervical spine on July 25, 2008. Dr. Daniel Johnson, radiologist, interpreted the images finding “central posterior and slightly downward herniation of C3-4 disc; left posterolateral projection of disc and spurring at C4-5 disc ...; broadly based slender posterior and downward herniation of C5-6 disc; and 1-2 mm posterior bulging of C6-7 disc.”
On August 25, 2008, Ms. Mixter filed suit against David Wilson and his insurer, Allstate, for damages resulting from injuries that she received in the accident. Also, that same month, Ms. Mixter was referred by her attorney for treatment by Dr. Vaclav Hamsa.
Dr. Hamsa, an orthopedic surgeon, diagnosed a “cervical discogenic sprain with a disc rupture at C4-5, C5-6: traumatic disc bulge at C6-C7 ...” in Ms. Mixter. Dr. Hamsa treated her conservatively with anti-inflammatory medication, pain medication, and muscle relaxants. Dr. Hamsa continued treatment through the end of the year with no decrease, however, in the cervical pain. Dr. Hamsa, thereafter, referred Ms. Mixter to Dr. Fred DeFran-cesch, a physical medicine and rehabilitation specialist.
On December 30, 2008, Ms. Mixter presented to Dr. DeFrancesch who diagnosed, among other things, “facet disorder; disc disorder; radiculitis in the right the[sie] C5-6 distribution; and low back pain.” Dr. DeFrancesch performed a series of three cervical epidural injections, which alleviated Ms. Mixter’s pain.
|40n January 19, 2009, Ms. Mixter returned to Dr. Hamsa, who opined that the trauma of the instant accident caused impairment of her spine, including 8% for the disc ruptures at C4-5 and C5-6, 2% for the traumatic disc bulge at C6-7, and 1% for the recurrent soreness of the lumber spine. Further, he opined that the right shoulder continued to exhibit impairment totaling 8%, which would equal 3% impairment of her right arm. In total, Dr. Hamsa attributed an 11% whole man impairment of the spine to the accident in question and 3% whole man impairment of the right arm.
On January 4, 2010, the bench trial was held. At trial, the parties stipulated that plaintiffs’ damages did not exceed the policy limits of $50,000.00. Further, the parties stipulated to the introduction of plaintiffs medical bills in globo, the introduction of a certified copy of the Allstate automobile liability insurance policy in effect on the day of the accident, and, finally, the report from defendant’s orthopedic surgeon, Dr. Cazale, reviewing Ms. Mix-ter’s medical records in connection with this accident. Finally, Ms. Mixter testified as to her injuries, her pain level, her treatment, her physical limitations, and her ongoing pain.
At the close of trial, the judge took the matter under advisement. On February 4, 2010, the trial court rendered its decision in favor of the plaintiff, Ms. Mixter, and, relying on Candy Jean Day v. Silver Oak *1168 Cas., Inc., 28,566 (La.App. 2 Cir. 8/21/96), 679 So.2d 486, 491, awarded $9,000.00 for pain and suffering and $10,876.96 for past medicals.
Now, Ms. Mixter argues that the trial court’s award of $9,000.00 for pain and suffering is an abuse of its discretion. Specifically, Ms. Mixter points out that the trial court found that Ms. Mixter suffered damage to three cervical discs in this accident, that Ms. Mixter sought medical treatment for the pain resultant from her injuries for at least twelve months, and that Ms. Mixter suffered with an 11% | ¡impairment after this accident, yet determined that the range of general damages fell between $3,000.00 and $14,000.00. Ms. Mixter contends that the trial judge’s award was manifestly erroneous. We agree.
General damages are those that may not be fixed with pecuniary exactitude; instead, they “involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms.” Duncan v. Kansas City S. Ry. Co., 00-0066 (La.10/30/00), 773 So.2d 670, 682-83(quoting Keeth v. Dep’t. of Pub. Safety & Transp., 618 So.2d 1154, 1160 (La.App. 2 Cir.1993)). In appellate review of general damage awards, the court must accord much discretion to the trial court judge or jury. La. C.C. art. 2324.1; Reck v. Stevens, 373 So.2d 498 (La.1979).
The role of an appellate court in reviewing awards of general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trial court. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Because discretion vested in the trial court is “great,” and even vast, an appellate court should rarely disturb an award of general damages. Id. at 1261.
It is only when the award is, in either direction, beyond that, which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances, that the appellate court should increase or reduce the award. Id. The initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. Cone v. Nat’l Emergency Serv. Inc., 99-0934 (La.10/29/99), 747 So.2d 1085, 1089. Only if the reviewing court determines that the | strial court has abused its “much discretion” may it refer to prior awards in similar cases and then only to determine the highest or lowest point of an award within that discretion. Coco v. Winston Indus., Inc., 341 So.2d 332 (La.1976).
In the present case, the trial court found that the accident in this case caused Ms. Mixter’s “cervical/lumbosacral sprain/ strain,” which required epidural steroid injections to relieve the pain. An MRI of Ms. Mixter’s cervical spine revealed two ruptured discs and one bulging disc. Further, an orthopedic surgeon identified an 11% whole man impairment of the spine, attributable to the accident in question. The same surgeon also identified an 8% whole man impairment of the right arm, attributable to the accident in question. Although Ms. Mister was unemployed at the time of trial, she testified that the pain as a result of her injuries restricts her ability to keep house and care for her aging parents everyday.
Based on the record before us, we agree with the trial court that Ms. Mixter presented sufficient evidence, including testimony and medical records, to substantiate *1169 her injuries from this accident and the resultant expense for medical treatment, which lasted longer than twelve months. Moreover, after analyzing the facts and circumstances peculiar to this particular case and plaintiff, we conclude that the trial court abused its vast discretion in its award of $9,000.00 for general damages.
After determining that an award for general damages is an abuse of the trial court’s discretion, this Court can review prior awards to determine the highest or lowest point, which is reasonably within that discretion. Herzog v. Fabacher, 01-432 (La.App. 5 Cir. 10/17/01), 800 So.2d 997, 1000 (citing Sly v. Morris, 99-884 (La.App. 5 Cir.1/25/00), 750 So.2d 1163). Our review of the jurisprudence reveals that awards for cervical spine injuries requiring treatment with injections are between $30,000.00 and $45,000.00. See Moody v. Cummings, 09-1233 (La.App. 4 Cir. 4/14/10), 37 So.3d 1054, 1062-1063 (general damages of $45,000.00 is adequate for three bulging discs in his cervical spine, pain for a period of over four years); Andrus v. Board, (La.App. 3 Cir.1993), 626 So.2d 1224, 1228 (appellate court increased plaintiffs award for general damages to $30,000.00 for mild disc protrusion and chronic soft tissue injury with pain for two to three years); Friedmann v. Landa, 573 So.2d 1255 (La.App. 4th Cir.1991) (general damages award of $35,000.00 is adequate for chronic back pain and spasms that required treatment with steroid injections for two years after accident). Accordingly, we find that lowest permissible award to Ms. Mixter for her pain and suffering caused by this accident is $30,000.00.[2]
In her second assignment of error, Ms. Mixter argues that the trial judge erred in failing to award her damages for loss of enjoyment of life. Where a trial court’s judgment is silent with respect to a party’s claim, it is presumed that the trial court denied the relief sought. Martinez v. Reno, 99-114 (La.App. 5 Cir. 9/15/99), 742 So.2d 1014. Although loss of enjoyment of life may be compensated as a separate claim for general damages under La. C.C. art. 2315, whether the plaintiff has presented evidence of a loss of enjoyment of life depends on the particular facts of the case, and should be left to the district court’s discretion on a case-by-case analysis. McGee v. A C and S, Inc., 05-1036 (La.06), 933 So.2d 770, 779.
Here, although Ms. Mixter testified that her injuries made it harder for her to do housework and take care of her parents, she did not present further testimony | «regarding her loss of enjoyment of life. Accordingly, we cannot say that the trial court erred in failing to award Ms. Mixter separately for her loss of enjoyment of life.
For the foregoing reasons, we amend the judgment of the trial court to award $30,000.00 in general damages to Ms. Mix-ter. In all other aspects, we affirm the judgment of the trial court. Costs of this *1170 appeal are to be paid by Allstate Insurance Company.

AMENDED, AND AFFIRMED AS AMENDED.

WICKER, J., concurs with reason.

. In the record, plaintiff, her attorney, and the trial judge state that the accident in question occurred on March 23, 2008. The medical records introduced by plaintiff, however, reflect that she presented at the Ochsner Foundation Hospital Emergency Room on April 23, 2008 for treatment of injuries sustained in a rear-end collision earlier that day. Thus, for the purposes of this opinion, we will refer to the date of the accident as April 23, 2008.

. In support of her argument that her award was inadequate, Ms. Mixter relies on Augillard v. Gaspard, 01-1333 (La.App. 5 Cir. 5/30/02), 820 So.2d 1177, 1179. In Augil-lard, the plaintiff suffered a laceration and two bilateral "protruding" or “bulging” discs, which did not require surgical intervention. This Court found that the award of $68,500 in general damages was abusively low for a laceration and two bulging or protruding discs. Further, this Court determined that the lowest possible amount of all awards for general damages for two bulging discs, that did not require surgery, and a laceration was a minimum of $85,000. Id. at p. 1182. Here, Augillard is distinguishable from this case because, unlike Ms. Mixter, the plaintiff in Augillard suffered both a disfiguring laceration and two bulging discs in his accident, which would logically cause him more pain and suffering.